RAMSBACHER, RESPONDENT, v. HOHMAN, APPELLANT.

(No. 6,176.)

(Submitted October 20, 1927. Decided November 10, 1927.)

[261 Pac. 273.]

*Conversion—Exemplary Damages—When Proper—"Malice"—
Appeal from Judgment—Absence of Motion for New Trial—
Extent of Review of Evidence—Costs on Appeal.*

Appeal from Judgment—Absence of Motion for New Trial—Extent
of Review of Evidence.
1. On appeal from the judgment, where no motion for a new
trial was made, appellant contending that the evidence is insuffi-
cient to support the award of damages, the review of the evi-
dence by the supreme court is limited to an examination of the
record, to determine whether there is any substantial evidence
to justify the verdict.

Conversion—Excessive Verdict—When not Due to Passion or Preju-
dice of Jury.
2. In an action for the conversion of a Ford car, error of the
jury in making an overallowance of $108.48 as actual damages
*held,* not to show passion or prejudice on their part, the evidence
on the question of value having been uncertain and open to
speculation.

Same—Exemplary Damages—Malice may be Proved, How.
3. Malice, as a basis for exemplary damages, may be proved by
direct evidence of evil motive and intent on the part of the de-
fendant or by legitimate inferences to be drawn from other facts
and circumstances in evidence.

Same—Malice—Meaning of Term.
4. The term "malice," as applied to torts, does not necessarily
mean that which must proceed from a spiteful, malignant or re-
vengeful disposition; if the party against whom exemplary dam-
ages are sought acted in an unjustifiable manner and actually
caused the injury complained of, malice in law will be implied
from his conduct.

Same—When Award of Exemplary Damages Warranted.
5. Where the jury in an action in conversion found in favor of
plaintiff's contention that defendant chattel mortgagee in viola-
tion of his agreement extending the time within which plaintiff
could pay his debt caused an officer to seize the chattel, thus
acting maliciously and oppressively, an award of exemplary dam-
ages was justified.

Same—Exemplary Damages in Discretion of Jury—When Award not
Disturbed on Appeal.
6. The amount which the jury may award as exemplary dam-
ages is largely in their discretion; their award will not be dis-

1. See 2 R. C. L. 99.
3. See 8 R. C. L. 590.
6. See 8 R. C. L. 606.

[80 Mont. 480.]

turbed as excessive, unless the amount, considered in connection with the facts, is indicative of passion, prejudice or corruption on the part of the jury.

Same—Exemplary Damages—What Jury may Take into Consideration.

7. In determining whether plaintiff shall be awarded exemplary damages the jury should take into consideration the attendant circumstances, such as the malice or wantonness of the act complained of, the injury intended, the motive for the act, the manner in which it was committed and the deterrent effect upon others; they may also consider defendant's pecuniary ability; the amount in any event must be reasonable.

Appeal—Failure of Appellant to Move Correction of Apparent Error in Trial Court—Effect on Right to Recover Costs on Appeal.

8. Where appellant made no effort in the trial court to have an apparent error in an award of damages corrected on motion for a new trial on the ground of the insufficiency of the evidence to justify the verdict, and the judgment is modified on appeal to the extent of such erroneous award, the respondent will be awarded his costs on appeal notwithstanding such modification.

---

[1]   Appeal and Error, 3 C. J., sec. 908, p. 987, n. 41; sec. 1471, p. 1337, n. 15, p. 1338, n. 16; sec. 1568, p. 1404, n. 65.   Chattel Mortgages, 11 C. J., sec. 299, p. 598, n. 62.

[2]   Chattel Mortgages, 11 C. J., sec. 299, p. 598, n. 62.

[3]   Damages, 17 C. J., sec. 280, p. 984, n. 92, 93.

[4]   Damages, 17 C. J., sec. 280, p. 984, n. 84, 89.

[5]   Chattel Mortgages, 11 C. J., sec. 299, p. 597, n. 56.   Trover and Conversion, 38 Cyc., p. 2104, n. 18.

[6]   Appeal and Error, 4 C. J., sec. 2732, p. 781, n. 24.   Damages, 17 C. J., sec. 293, p. 994, n. 90, 92, 93.   Trover and Conversion, 38 Cyc., p. 2107, n. 47.

[7]   Appeal and Error, 4 C. J., sec. 2961, p. 982, n. 45.   Damages, 17 C. J., sec. 293, p. 995, n. 96, 97, 98, 99, 1, 2, 4; sec. 295, p. 995, n. 7; sec. 401, p. 1090, n. 71.   Trover and Conversion, 38 Cyc., p. 2082, n. 8.

[8]   Costs, 15 C. J., sec. 630, p. 255, n. 11.

*Appeal from District Court, Phillips County; C. D. Borton, Judge.*

ACTION by John Ramsbacher against Frank J. Hohman. Judgment for plaintiff and defendant appeals. Modified and affirmed.

---

7. Rules respecting the allowance of exemplary damages, see note in 50 Am. Dec. 767. Exemplary or punitive damages, when allowable, see notes in 27 Am. Dec. 684; 28 Am. St. Rep. 870. See, also, 8 R. C. L. 585, 607.

8. See 7 R. C. L. 802.

*Mr. Victor R. Griggs,* for Appellant, submitted a brief and argued the cause orally.

*Messrs. Hurly & Kline,* for Respondent, submitted a brief; *Mr. John M. Kline,* argued the cause orally.

MR. JUSTICE MYERS delivered the opinion of the court.

This is an action for the recovery of damages, actual and exemplary, for alleged conversion of personal property, alleged to have been converted unlawfully, wilfully, wrongfully, maliciously and oppressively.

The complaint states two causes of action for different alleged conversions of different lots of property. On his first cause of action, plaintiff asked judgment for actual damages in the sum of $1,268.07 and for exemplary damages in the sum of $750. On his second cause of action, plaintiff asked judgment for actual damages in the sum of $400 and for exemplary damages in the sum of $250. Each cause of action is stated in ordinary form.

The answer admits the taking of the property, controverts the alleged value thereof and denies generally all allegations of the complaint not admitted or specifically controverted. For a further and affirmative defense to each of plaintiff's causes of action, the answer justifies the taking of the property, by alleging it was taken under the provisions of certain chattel mortgages, covering the property taken, executed by plaintiff to defendant, to secure payment of certain of plaintiff's promissory notes, and held, with such notes, by defendant and which provisions, it is alleged, had been breached.

The reply admits the execution of the chattel mortgages under which defendant justifies and the notes they secured and that they had been held by defendant, and alleges that plaintiff and defendant had an accounting of the indebtedness secured by those mortgages and that it was thereby agreed by plaintiff and defendant that plaintiff owed defendant the

sum of $500 on account of such indebtedness and that defendant agreed to extend the time for the payment thereof for a period of one year from that time; that, thereupon and in pursuance of such agreement, plaintiff executed and delivered to defendant a new promissory note, due one year after date, for the sum of $500, and, to secure the payment thereof, executed and delivered to defendant and defendant, with such understanding, accepted a new chattel mortgage on certain personal property other than the property involved in this action; that there was nothing due to defendant by plaintiff at the time of the alleged conversion and no obligation or agreement of plaintiff had been breached, as defendant knew.

The first alleged conversion took place about two weeks after the date of the execution of the new note and mortgage pleaded in the reply and the second alleged conversion, less than three months after such date. At the trial, plaintiff testified in accordance with the allegations of his complaint and reply; while defendant contended and testified that there was no such accounting, settlement or agreement as pleaded in the reply and that the new note and mortgage were executed to cover other indebtedness than any covered by other and prior mortgages and, also, to cover and apply to future advances to be made by defendant to plaintiff and that all of the mortgages, old and new, were alive and in force. He testified, too, that the provisions of the mortgages mentioned in his answer had been breached.

There was trial with a jury. The jury returned two verdicts, one on each of plaintiff's causes of action and both in favor of plaintiff. The verdict on the first cause of action awarded him actual damages in the sum of $459.15 and exemplary damages in the sum of $500. The verdict on the second cause of action awarded him actual damages in the sum of $117.40 and exemplary damages in the sum of $200. Judgment in favor of plaintiff, for the sum total of actual and ex-

emplary damages of both verdicts and the costs of action, was rendered and entered.

Defendant appealed from the judgment and assigns three specifications of error, as follows:

1. The evidence is insufficient to support the verdict for actual damages upon the first cause of action.

2. The verdict upon the first cause of action, both as to actual damages and exemplary damages, and upon the second cause of action, as to exemplary damages, is (each) so excessive it indicates passion and prejudice on the part of the jury.

3. The court erred in refusing to allow defendant's motion to strike out the testimony of plaintiff relative to the value of the Ford car involved in the action.

On the point of intention and understanding of the parties in regard to the new note, for $500, and the new mortgage, the consideration and agreement thereof, the testimony of plaintiff and that of defendant put them in direct opposition, one to the other, and in irreconcilable conflict. There was some testimony tending to corroborate each. On the question of the values of the different articles of property taken at the instigation of defendant, there is much conflict and wide divergence of evidence. On every point at issue in the trial there is sharp conflict of evidence. Numerically, more witnesses testified for defendant than for plaintiff. The reputation, for truth and veracity, of each party to the action was impeached by neighbors and no defense was made of either. That of plaintiff was first attacked and he came back, through other witnesses, with an attack on that of defendant.

We take up first, for consideration, the first specification of error, i. e., that the evidence is insufficient to support the award of actual damages, in the verdict returned upon plaintiff's first cause of action. No motion for a new trial was made. Therefore, we have nothing to do with the sharp conflict of evidence nor with the preponderance of the evidence.

[1] Upon appeal from a judgment, when no motion for a new trial is made, "the review of the evidence by this court is limited to an examination of the record, to determine whether there is any substantial evidence to justify the verdict." (*Watts* v. *Billings Bench Water Assn.*, 78 Mont. 199, 253 Pac. 260; *State* v. *Popa*, 56 Mont. 587, 185 Pac. 1114; *Buhler* v. *Loftus*, 53 Mont. 546, 165 Pac. 601; *Dawes* v. *City of Great Falls*, 31 Mont. 9, 77 Pac. 309.) Therefore, we must confine our inquiry, upon that specification, to determining if, in the record, there is any substantial evidence to justify the verdict.

There is ample substantial evidence to show that plaintiff was entitled to recover, on his first cause of action, some actual damage; then, how much? The immediate question at hand, then, is what is the aggregate of the highest amounts testified to by witnesses who appeared qualified to speak as having been the values, at the time of seizure, of the various articles of property enumerated in the first cause of action of the complaint; or, in other words, what is the highest value thereof (not in excess of value alleged), in the aggregate, supported by substantial evidence?

Counsel for defendant, in his brief, says $850.67. Counsel for plaintiff, in their brief, say $1,150.67. From a painstaking examination of our own of the record, we do not believe either correct. However, we are content to take the figures of counsel for defendant and say not more than $850.67. Counsel for defendant contends there should be deducted from that sum the sum of $500, owed by plaintiff to defendant at the time of the seizure of the property. In that, he is right. The jury was instructed, if it should find for plaintiff, to deduct from the amount of his actual damages the amount due defendant by plaintiff, August 31, 1925. No assignment or cross-assignment of error is based on any instruction given or refused. Therefore, the instructions of the court are binding. Counsel for plaintiff contend plaintiff was owing defendant only $481 or $482 but they cannot sustain that contention. In their own

pleading, the reply, it is alleged that plaintiff and defendant had an accounting and it was agreed by both that plaintiff owed defendant $500 and a note therefor, secured by mortgage, was executed and delivered by plaintiff to defendant. The note was offered by plaintiff and was received in evidence, as a part of his evidence. In his testimony, while rather contradictory and uncertain, plaintiff admitted that, when the accounting was had, he owed defendant a balance of $500. That sum is the least that should have been deducted.

Taking $500 from $850.67 leaves $350.67, "the highest sum," in the language of counsel for defendant, "the jury could (lawfully) award the plaintiff as actual damages on the first cause of action." Counsel for defendant, in his brief, correctly says that is $108.48 less than the amount awarded by the verdict. Counsel for plaintiff say the amount that should have been awarded is $725.34, an excess of $266.19 over the jury's award. However, we do not agree in that with counsel and our investigation shows that counsel for defendant does not put it at too much, to say the least that can be said, when he says the award is $108.48 more than it should have been, upon any view of the evidence, and we accept his figures. Therefore, we have an award of actual damages in a sum larger by $108.48 than it should be and the judgment should be reduced to that extent.

We take up now the second specification of error, i. e., that the verdict upon the first cause of action, both as to actual and exemplary damages, and that upon the second cause of action, as to exemplary damages, is, each, so excessive as to indicate passion and prejudice upon the part of the jury.

That specification is based upon two grounds: (1) alleged excessive award of actual damages on the first cause of action and (2) alleged excessive award of exemplary damages on each cause of action.

As to the first ground, we do not believe the error of the [2] jury in making an overallowance of actual damages on

the first cause of action any evidence of passion or prejudice. In our investigation to ascertain what allowance of actual damages is justified by the evidence, we had before us the typed record, while the jury did not have the benefit of that advantage. From the effort it cost us, with the record before us, to arrive at a conclusion, we do not wonder that the jury, having to depend upon memory, made a mistake. The mistake was not large and there is ground for palliation of it. Besides, the contention and the argument of counsel for plaintiff, upon that point, which we think erroneous, are, nevertheless, plausible and may have influenced the jury. Very likely the error arose from undertaking to arrive at the value, under the evidence, of the automobile involved. That is the only item on which respective counsel, in their estimates, differ a great deal. As to that, they have widely divergent views, although we think counsel for defendant right about it; but the evidence was uncertain and open to speculation, in which the jury may have indulged. We see no ground to believe that the jury intentionally or blindly, ignoring the evidence, returned a wrongful or excessive verdict nor one motivated by passion or prejudice. We think it simply a mistake and not an unnatural one.

To the other ground of the specification, alleged excessive [3, 4] exemplary damages, we now address our consideration. "Malice, as a basis for exemplary damages, may be proved directly or indirectly; that is to say, by direct evidence of the evil motive and intent or by legitimate inferences to be drawn from other facts and circumstances in evidence." (*Klind* v. *Valley County Bank*, 69 Mont. 386, 222 Pac. 439.) "The term 'malice,' as applied to torts, does not necessarily mean that which must proceed from a spiteful, malignant or revengeful disposition but a conduct injurious to another, though proceeding from an ill-regulated mind, not sufficiently cautious before it occasions an injury to another. If the conduct of the defendant was unjustifiable and actually caused the injury

complained of by plaintiff, which was a question for the jury, malice in law would be implied from such conduct. This is the rule recognized and enforced generally and under it the question of the existence of malice was properly submitted to the jury." (*Moelleur* v. *Moelleur*, 55 Mont. 30, 173 Pac. 419.)

The complaint in this action, in each cause of action stated, [5] alleges that the defendant, in what he did, acted maliciously and oppressively, as specified in section 8666, Revised Codes, 1921, as grounds for exemplary damages. There were two theories in the trial of the action: that of plaintiff that the old indebtedness, reduced to $500, had been extended for a year and that the new note and mortgage were given as evidence thereof and to secure payment thereof and that the old mortgages were thereby superseded and that no obligation had been breached; and that of defendant that all of the mortgages were in force and effect and that the old mortgage obligations had been breached. There is evidence to support each theory. The jury decided for and sustained plaintiff's theory. Then, according to that, defendant seized plaintiff's chattels when he knew he had no right to do so, when he had entered into a new agreement with plaintiff and in wilful violation of the agreement. That is what the jury by its verdicts said he did and, in that event, inevitably he acted maliciously and, through the arm of the law, an officer, oppressively; acted to plaintiff's wrong and oppression. Oppression is defined as "an act of cruelty, severity, unlawful exaction, domination or excessive use of authority." (3 Bouvier's Law Dictionary, 8th ed., 2421.) "The word 'oppression' has not acquired a strictly technical meaning and may be taken in its ordinary sense, which is an act of cruelty, severity, unlawful exaction, domination or excessive use of authority." (6 Words & Phrases, 5000.) If defendant did what the jury said he did (and we must accept the jury's version) those definitions fit defendant's conduct.

Evidently, there was ill feeling between the parties; apparently, it was over plaintiff's wife. Evidently, their relations were amicable when they had business dealings, August 14, 1925. Ten days later, they fell out and quarreled. August 31, defendant caused to be seized everything enumerated in the first cause of action of plaintiff's complaint, followed later by seizure of the rest of the property. There is some evidence tending to show defendant was actuated by ill will and the jury gave it credence. That being so, it was in the province of the jury to allow exemplary, as well as actual, damages.

Having concluded the jury was within its rights in allowing [6, 7] exemplary damages, arises the question, is the amount allowed on either cause of action excessive? The amount was largely in the discretion of the jury. "The general rule is that an award of exemplary damages by a jury will not be disturbed as excessive, unless its amount, considered in connection with the facts, is indicative of passion, prejudice or corruption on the part of the jury. * * * The jury should take into consideration the attendant circumstances, such as the malice or wantonness of the act, the injury intended, the motive for the act, the manner in which it was committed and the deterrent effect upon others. * * * According to the general rule, it is proper for the jury to consider defendant's wealth and pecuniary ability in fixing the amount of damages." (17 C. J. 994, 995.) There is evidence on all those points and it is presumed the jury considered it. "The public good in the restraint of others from wrongdoing, as well as the punishment of the offender, is to be considered in estimating exemplary damages." (*Ward* v. *Ward,* 41 Iowa, 686.) Based on those determinative factors and general principles, in this state the rule is that the amount of exemplary damages must be reasonable. "Where the acts complained of are shown to be wanton, malicious or oppressive and of such a character as to indicate a reckless disregard for the rights of the plaintiff, the jury, in their discretion, may award a reasonable amount as punitive damages, in addition to compensatory damages."

(*Mosback* v. *Smith Brothers Sheep Co.*, 65 Mont. 42, 210 Pac. 910.) What was reasonable was for the jury to say, subject to the judgment of the trial court, upon motion for new trial, and the judgment of this court, upon appeal. Being a matter for the discretion of the jury, we do not see that the discretion was abused. We will not say the award is excessive nor that it is indicative of passion or prejudice nor that, under all the circumstances and in view of plaintiff's version of the case (accepted by the jury), it is even unreasonable.

Counsel for defendant complain of the admission in evidence of certain testimony with regard to relations between defendant and plaintiff's wife and contend it must have prejudiced and inflamed the jury. No objection to any such testimony was made. No motion was made to strike any of it. No request was made that the jury be admonished to disregard it. No instruction to the jury that such testimony must not be considered was offered or requested. The most of such testimony came out as a part, almost an inseparable part, of material conversations and statements of defendant with relation to the issues of the case, showing his animus and motives, and we are not prepared to say it was incompetent. Indeed, some of it was elicited by counsel for defendant, upon cross-examination. We will not say it was the cause of allowance of exemplary damages or of a greater allowance of such than should have been made or would have been made, otherwise. Exclusive of such testimony, we hold there is plenty of evidence, if believed by the jury, as manifestly it was, to justify exemplary damages and in the amount allowed. We hold there is no merit in the second specification of error.

The third specification is based on refusal of the court to strike plaintiff's testimony with relation to the value of the automobile. The motion was to strike all of it. We do not think it was all incompetent. At any rate, we do not see that it was harmful. Plaintiff admitted he did not know the value of the car at the time it was seized; we do not see that that could have done defendant any harm. However, if plaintiff's testi-

mony on that point may have misled the jury, any harm it may have done has been cured by our holding with counsel for defendant as to the. amount of actual damages justified under the evidence and accepting his figures. We accepted his estimate of the value of the car, as shown by the evidence, as well as his estimate of other values, and we order reduction of the judgment accordingly. That leaves defendant no ground of complaint in that respect. We see nothing in the third specification of error to justify reversal of the judgment.

In accordance with the views herein expressed, it is ordered that the judgment be reduced in the sum of $108.48 and that, as so modified, the judgment be affirmed. The cause is remanded, with directions to the district court to modify and amend its judgment as herein ordered.

Had defendant made a motion for a new trial, on the ground [8] (with other, had he chosen to assign any other ground) of the insufficiency of the evidence to justify the verdict for actual damages on the first cause of action of plaintiff's complaint, so as to have given the trial court an opportunity to make, in the judgment, the correction we have ordered made and had that correction then not been made, upon this appeal we would be disposed to apportion costs of appeal; but, as that was not done, in accordance with the statute (sec. 9791, Rev. Codes 1921) and prior decision of this court (*Pue* v. *Bushnell,* 72 Mont. 265, 233 Pac. 124), it is ordered that plaintiff recover his costs upon appeal.

*Modified and affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES STARK, MATTHEWS and GALEN concur.