JOHNSON, Respondent, *v.* HORN, Appellant.

(No. 6,536.)

(Submitted November 26, 1929.  Decided December 30, 1929.)

[283 Pac. 427.]

*Mr. A. A. Alvord* and *Mr. H. C. Packer*, for Appellant, submitted a brief; *Mr. Alvord* argued the cause orally.

*Mr. J. D. Taylor* and *Mr. H. H. Parsons*, for Respondent, submitted a brief; *Mr. Taylor* argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

Plaintiff, by verdict, was awarded $100 actual and $1,000 exemplary damages against defendant in an action for malicious prosecution. Judgment in conformity with the verdict was entered. Defendant's motion for a new trial was denied, and he appealed from the judgment.

The first specification of error challenges the sufficiency of the complaint, which sets forth, in substance, that the defendant maliciously and without probable cause charged the plaintiff with the theft of a horse, by complaint in the justice's court at Hamilton, and maliciously and without probable cause caused him to be arrested; that plaintiff was incarcerated in the county jail of Ravalli county by the sheriff of that county for a period of four days; that the action, after investigation by the county attorney, was dismissed and thus terminated in plaintiff's favor; and that plaintiff was damaged because of the acts of the defendant in a stated amount.

1. Defendant contends that the complaint is faulty because it does not allege that defendant was responsible for prosecuting or continuing the proceeding after its instigation, but affirmatively alleges that the imprisonment was by the sheriff of the county.

In *Stephens* v. *Conley*, 48 Mont. 352, Ann. Cas. 1915D, 958, 138 Pac. 189, 193, this court declared that a complaint for

malicious prosecution must set forth, and the plaintiff must prove: "(a) That a judicial proceeding was commenced and prosecuted against him; (b) that the defendant was responsible for instigating, prosecuting, or continuing such proceeding; (c) that there was a want of probable cause for defendant's act or acts; (d) that he was actuated by malice; (e) that the proceeding terminated favorably to plaintiff; and (f) that plaintiff suffered damage, with the amount thereof." To the same effect is *Cornner* v. *Hamilton,* 62 Mont. 239, 204 Pac. 489, 491.

The complaint here meets these requirements. It sufficiently alleges that defendant was responsible for instigating the proceedings against plaintiff and it need not allege that he thereafter was responsible for prosecuting or continuing them.

2. Defendant contends that the court erred in denying his motion for a new trial for alleged misconduct of the jury. In support of the motion two affidavits were filed. One was by G. S. Bailey, who was one of the jurors in the case. It sets forth that another juror, Chilson, while the jury was deliberating upon its verdict, remarked in the presence of the jury "that he knew the horse a long time, knew how the horse got the wire cut, and that it was a slick-ear and did not belong to Horn." It further sets forth that from conversation had by affiant with two other jurors, he believes they were prejudiced against the defendant.

Subject to a single exception not made to appear here, the verdict of a jury may not be impeached by the affidavit of one or more of the jurors. (*State* v. *Lewis,* 52 Mont. 495, 159 Pac. 415; *State* v. *Asher,* 63 Mont. 302, 206 Pac. 1091; *Komposh* v. *Powers,* 75 Mont. 493, 244 Pac. 298; *State* v. *Gies,* 77 Mont. 62, 249 Pac. 573; *Sutton* v. *Lowry,* 39 Mont. 462, 104 Pac. 545.)

The other affidavit was by Retta Guay, which recites that during a recess, while the trial was in progress, Juror Chilson talked with two of the witnesses about the horse in question. It recites that from the conversation which she overheard she "came to the conclusion that the said Chilson

knew about the horse himself and was questioning said witnesses in regard to the time when the horse was at Blankenship's ranch.'' No showing was made by defendant as to when he or his attorneys learned the facts set forth in the affidavit. Hence, under the rule announced in the case of *Sutton* v. *Lowry,* supra, the trial court was justified in disregarding the affidavit upon considering the motion for new trial.

3. Defendant contends that the award of exemplary damages is excessive and the result of passion and prejudice on the part of the jury, for which a new trial should have been granted. Exemplary damages are allowable in this state when the defendant has been guilty of oppression, fraud or malice, and are awarded for the purpose of punishing the defendant. (Sec. 8666, Rev. Codes 1921.) In assessing such damages the jury should take into consideration all the circumstances surrounding the act complained of and may consider the wealth and pecuniary ability of the defendant. (*Winterscheid* v. *Reichle,* 45 Mont. 238, 122 Pac. 740; *Ramsbacher* v. *Hohman,* 80 Mont. 480, 261 Pac. 273.) The matter of fixing the amount of exemplary damages rests largely in the discretion of the jury. (*Cornner* v. *Hamilton,* supra; *Ramsbacher* v. *Hohman,* supra.) Some courts hold that the award for exemplary damages may not be disproportionate to the actual damages sustained, while others declare that the only requirement is that the exemplary damages must bear some relation to the injury complained of and its cause. (17 C. J. 994, notes 3 and 4.)

In this state it rests wholly within the province of the jury to fix the amount of damages, both compensatory and exemplary, ''and, unless its determination appears to have been influenced by passion, prejudice, or some improper motive, or unless the amount is outrageously disproportionate, either to the wrong done or the situation or circumstances of the parties, the court will not generally interfere with the verdict.'' (*Cornner* v. *Hamilton,* supra.) The courts have not established a definite formula to be followed in ascer-

taining whether an award for exemplary damages is excessive. As a consequence many courts hold that because an award of punitive damages is ten times the amount of actual damages awarded, as here, does not of itself demonstrate that the award is excessive. (*Ford* v. *McAnally*, 182 N. C. 419, 109 S. E. 91; *Carleton* v. *Fletcher*, 109 Me. 576, 85 Atl. 395; *Louisville & Nashville R. R. Co.* v. *Ritchel*, 148 Ky. 701, Ann. Cas. 1913E, 517, 41 L. R. A. (n. s.) 958, 147·S. W. 411; *Plotnik* v. *Rosenberg*, 55 Cal. App. 408, 203 Pac. 438.)

There are cases in which awards of exemplary damages have been held excessive under certain circumstances because disproportionate to the actual damages sustained. Among them may be cited *Mitchell* v. *Randal*, 288 Pa. St. 518, 137 Atl. 171; *Rider* v. *York Haven Water & Power Co.*, 251 Pa. St. 18, 95 Atl. 803; *Hunter* v. *Kansas City Rys. Co.*, 213 Mo. App. 233, 248 S. W. 998; *Hall Oil Co.* v. *Barquin*, 33 Wyo. 92, 237 Pac. 255; *Pendleton* v. *Norfolk & W. Ry. Co.*, 82 W. Va. 270, 16 A. L. R. 761, 95 S. E. 941; *Falkenberg* v. *Neff*, (Utah) 269 Pac. 1008. But in all of those cases the evidence upon which the verdicts were founded was before the court.

Here the evidence introduced in the case is not before us. We are not advised of the situation or circumstances of the parties. The financial ability of the defendant is not disclosed. An award of $1,000 exemplary damages might be excessive under certain facts and as against one of impoverished circumstances, and yet reasonable under different circumstances and as against one of more favorable financial condition. Where the evidence is not before us, we must presume that it was sufficient to support the findings of the jury. (See in this connection *Shaw* v. *McNamara & Marlow*, 85 Mont. 389, 278 Pac. 836.) We cannot say from the variance between the actual and the exemplary damages alone that the court abused its discretion in denying the motion for a new trial upon the ground that the punitive damages were excessive.

4. Defendant assigns error in the giving of the following instruction: "The jury is instructed that there are two kinds of malice: malice in fact, and malice in law. The former, in common acceptation, means ill will against a person. The latter is a wrongful act against a person intentionally. If, therefore, the jury believes from a preponderance of the evidence, that the defendant was moved by ill will against the plaintiff, or that the prosecution of plaintiff was wrongful and intentionally caused by him, then the jury should find that such conduct upon defendant's part was malicious." Objection to the instruction was upon the ground that it is not the law and that it is misleading and obscure. This instruction is not open to the objections urged against it. It defines "malice" substantially as in the cases of *Moelleur* v. *Moelleur*, 55 Mont. 30, 173 Pac. 419, and *Ramsbacher* v. *Hohman,* supra.

5. Error is predicated on the action of the court in instructing the jury: "That if you believe from a preponderance of the evidence that the plaintiff was arrested and imprisoned by the acts of the defendant, upon mere conjecture and guess, or that the proceedings taken against the plaintiff by the defendant were commenced recklessly, maliciously and wantonly and without exercising that care and caution necessary to justify a prudent man in commencing a criminal prosecution against another, then I instruct you that the arrest and imprisonment were without probable cause." It is contended by defendant that the instruction does not make a correct statement of the law and that it has no bearing on the case. Whether the evidence warranted the giving of the instruction we cannot say, since the evidence is not before us. It defines "probable cause" substantially as this court has defined it in *Martin* v. *Corscadden,* 34 Mont. 308, 86 Pac. 34, *State ex rel. Neville* v. *Mullen,* 63 Mont. 50, 207 Pac. 634, *State* v. *Gardner,* 74 Mont. 377, 240 Pac. 984, *Cornner* v. *Hamilton,* supra, and *Wendel* v. *Metropolitan Life Ins. Co.,* 83 Mont. 252, 272 Pac. 245, except that it was more favorable to the defendant than he was

entitled to, in that it told the jurors that they must find malice before they could find a want of probable cause. But the defendant cannot complain of error in an instruction more favorable to him than to plaintiff. (*Pure Oil Co.* v. *Chicago etc. Ry. Co.*, 56 Mont. 266, 185 Pac. 150.) The giving of the instruction was not reversible error.

6. Defendant complains of the action of the court in giving instructions numbered 24 and 25. These instructions were in the exact language of sections 8666 and 8686, Revised Codes of 1921, respectively. Where the facts are few and simple, it is not error to give instructions containing abstract statements of statutory law. (*Loncar* v. *National Union Fire Ins. Co.*, 84 Mont. 141, 274 Pac. 844; *Martin* v. *Corscadden*, supra.)

Contention is also made that the court erred in giving other instructions, but we find no merit in any of the contentions. The instructions, as a whole, fairly present the law applicable to the case as made by the pleadings. Whether they were all warranted under the evidence we are, of course unable to say in view of the record before us.

No reversible error appearing, the judgment is affirmed.

MR. CHIEF JUSTICE CALLAWAY, ASSOCIATE JUSTICES MATTHEWS and FORD, and HONORABLE C. W. POMEROY, District Judge, sitting in place of MR. JUSTICE GALEN, absent on account of illness, concur.