No. 79-14

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

---

MARY TOECKES,

Plaintiff and Respondent,

vs.

RONALD D. BAKER,

Defendant and Appellant.

---

Appeal from: District Court of the Eighth Judicial District,
Honorable H. William Coder Judge presiding.

Counsel of Record:

For Appellant:

Alexander & Baucus, Great Falls, Montana

For Respondent:

Cure & Borer, Great Falls, Montana

---

Submitted on briefs: March 6, 1980

Decided: MAY 21 1980

Filed: MAY 21 1980

Thomas J. Kearney
Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

This action was commenced in the Cascade County District Court by plaintiff-respondent Mary Toeckes. She sought actual and punitive damages for an alleged malicious removal of a gate and approach to state property which she holds as a cotenant with her sister, Andrea Baker, and for a deprivation of the use of the property through intimidation. The District Court entered judgment against defendant Ronald Baker, Mrs. Toeckes' brother-in-law, and awarded actual damages of $230 and punitive damages of $1,000. Ronald Baker appeals.

Mary Toeckes and Andrea Baker inherited a leasehold interest in 80 acres of state grazing land as tenants in common upon the death of their mother in 1969. The land was subleased to Dan Engelmeier until October 15, 1975. The parties could not reach an agreement concerning the use of the leasehold interest after the sublease terminated.

Appellant's counsel aptly describes this action as a "Hatfield-McCoy dispute." It is apparent from the record that Mary Toeckes and Ronald Baker have not been able to get along since 1969. Mrs. Toeckes testified at trial that Mr. Baker had threatened bodily harm to herself and Dan Engelmeier. This testimony was corroborated by Mr. Engelmeier, who also testified as did Mrs. Toeckes, that Ronald Baker had threatened to shoot any livestock placed on the leased land. Mr. Engelmeier leases other farmland from Mrs. Toeckes and has at times, assisted her in farm work since her husband's death in 1975.

Prior to May, 1977, there was no direct access to the property from the adjacent county road, and in order to enter the property one was required to drive past Mr. Baker's home or across Mr. Engelmeier's land. Because of the strained relations between Mrs. Toeckes and Ronald Baker, she contacted Cascade County in

order to have an approach constructed to give her direct access to the property. She did not communicate with her cotenant, Andrea Baker, concerning the installation.

The approach was constructed by Cascade County and Dan Engelmeier installed a gate on behalf of Mary Toeckes in May, 1977. Ronald Baker saw the trucks and men installing the approach. He and his wife then went to Helena to discuss the installation with the State Department of Lands. Mrs. Baker testified that she and her husband were told by a person of unknown professional status or authority that a cotenant has no authority to install an approach unless the other tenant consents. Allegedly on the basis of this conversation, Mr. Baker, acting on behalf of his wife, proceeded to tear our the gate and remove the approach with a tractor and loader. This act prompted Mrs. Toeckes to commence this litigation.

The District Court found that: (1) Defendant's threats to shoot Mary Toeckes, Dan Engelmeier, and any livestock placed on the property put the plaintiff in fear and prevented her from using her interest in the land; (2) Ronald Baker's action in removing the gate and approach was willful and malicious and was prompted by an intent to deprive the plaintiff of the use and enjoyment of the leasehold; and (3) the plaintiff was entitled to actual damages of $230 as a result of defendant's conduct. The District Court also awarded $1,000 punitive damages.

The issue on appeal is whether there is substantial evidence to support the findings of fact and conclusions of law of a willful and malicious deprivation of the use of the property as well as the amount of damages awarded.

With regard to the standard of review, this Court has repeatedly stated it will not overturn findings of fact and conclusions of law if supported by substantial evidence and by the law. Evidence will be viewed in the light most favorable to the prevailing

party.  Rule 52, M.R.Civ.P.; Luppold v. Lewis (1977), 172 Mont. 280, 563 P.2d 538; Morgen & Oswood Const. Co. v. Big Sky of Montana (1976), 171 Mont. 268, 557 P.2d 1017.  The judgment of the District Court is presumed to be correct and will be upheld unless clearly shown to be erroneous; the burden of such showing is upon the appellant.  Kamp v. First National Bank and Trust Co. (1973), 161 Mont. 103, 504 P.2d 987.  Where a trial court judge's findings are based upon substantial though conflicting evidence they will not be disturbed on appeal unless there is a clear preponderance of evidence against such findings.  Cameron v. Cameron (1978), ____Mont.____, 587 P.2d 939, 35 St.Rep. 1723.

The record in the instant case reveals substantial evidence of intimidating actions toward Mary Toeckes' use of the property in question, including the previously mentioned threats and culminating in Ronald Baker's willful removal of the gate and approach. Although the Bakers have denied the threats and other incidents of intimidation, those denials are not sufficient to rebut the presumption of validity of the trial court judge's findings.  We find substantial evidence to support the findings of fact.  Thus, the appellant must demonstrate a misapplication of law to prevail on appeal.

Appellant contends on appeal that Mary Toeckes was not authorized to have the approach and gate installed, and therefore he was entitled to remove it.  He cites the following passage as authority for this proposition.

> ". . . Thus, it is obvious that a tenant in common has no right to alter or change the property to the injury of his cotenant without his assent or to obstruct, or deny to his cotenant, the latter's equal right to its use . . ."  20 Am Jur 2d Cotenancy and Joint Ownership §37.

However, we find that this provision does not apply to the facts of this case since appellant's only contention of injury from the installation is that he cannot see the access to the property.

- 4 -

Cotenants have the right to equal access and use of property held in common and one tenant cannot deprive the other of the use of the property. It is also well-established that if one cotenant attempts to use the property to the exclusion of the other, the excluded cotenant may have access to the property by any reasonable means which does not create waste. This common law rule has been partially codified in section 70-1-311, MCA, which provides:

> "If any person shall assume and exercise exclusive ownership over or take away, destroy, lessen in value, or otherwise injure or abuse any property held in joint tenancy or tenancy in common, the party aggrieved shall have his action for the injury in the same manner as he would have if such joint tenancy or tenancy in common did not exist; provided that nothing herein contained shall prevent one cotenant or joint tenant or any number of cotenants or joint tenants acting together less than all from entering on the common property at any point or points not then in the actual occupancy of the nonjoining cotenants or joint tenants and enjoying all rights of occupancy of the property, without waste. . ." (Emphasis added.)

On the basis of this common law and statutory authority and the facts of this case we find that the installation of the access to the property was authorized by law and appellant's actions were not justified.

Appellant further contends that the actual damages of $230 was not supported by the evidence. The District Court does not provide a basis for its calculation of the actual damages award. However, we find substantial evidence in the record to support this amount. The amount is not excessive. The record reveals that Mrs. Toeckes was deprived of the use of the leasehold in 1976 and a portion of 1977, that she incurred costs in constructing the gate and reconstructing the gate after Mr. Baker removed it, and that she received an itemized statement from Cascade County for $249.28. The testimony of the value of the land for grazing purposes varied from $7.50 to $10.00 per animal unit month and the state lease specified a carrying capacity of 27 units per year. The testimony also conflicts concerning the cost of constructing the gates with

the range being $10 to $50 for each gate. There was also conflict as to whether or not the statement from the county was actually a bill. Although the evidence on damages is conflicting, we find that $230 in actual damages is not excessive, since combinations of these amounts could total a much higher figure depending on the weight the District Court gives the testimony.

Next appellant contends that punitive damages should not have been awarded. The basis of this contention is that although Ronald Baker admits removing the gate and approach without consulting Mary Toeckes, his trip to Helena and his discussion with the Department of State Lands negates any malicious intent.

Section 27-1-221, MCA, provides the guidelines for an award of punitive damages.

> "27-1-221. When exemplary damages allowed.
> In any action for a breach of an obligation not
> arising from contract where the defendant has been
> guilty of oppression, fraud, or malice, actual or
> presumed, the jury, in addition to the actual
> damages, may give damages for the sake of example
> and by way of punishing the defendant."

The District Court, as the trier of fact, found that Ronald Baker's actions of removing the gate and approach and intimidating the respondent through threats of bodily harm were malicious. Judge Coder properly admitted testimony concerning Ronald Baker's conversation with an employee of the Department of State Lands for the purpose of determining Ronald Baker's state of mind. This conversation may be considered as a factor in determining the propriety of an award of exemplary damages; the fact that the conversation actually took place does not preclude a finding of malice. See Perkins v. Stevens (1957), 131 Mont. 138, 308 P.2d 620. There is substantial evidence to support a finding of malice by reason of appellant's conduct in destroying the gate and approach as well as the intimidation exerted upon the respondent.

With regard to the amount of punitive damages, there is no established rule to be followed for ascertaining whether such

an award is excessive. Johnson v. Horn (1929), 86 Mont. 314, 283 P. 427. The District Court is in a better position to determine the amount and this Court is unwilling to disturb the award since it is not disproportionate under the circumstances of this case.

We have deemed it unnecessary to discuss several incidents of alleged misconduct which are contained in the record as they would not change the result in this case.

The judgment is affirmed.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices

- 7 -