MR. CHIEF JUSTICE HASWELL,
concurring in part and dissenting in part:
I dissent from that portion of the foregoing opinion which determines that a remand to the District Court is necessary for a redetermination of the correctness of the figure representing the unsatisfied portion of the tribal court judgment.
Particularly, I take issue with the following language in the majority opinion:
“. . .In addition, in determining the amount of the unsatisfied judgment, the trial court merely asked counsel for the tribe to submit the figure to the court, and the court simply *308 adopted the figure submitted by the Tribe. The trial court made no independent determination of the correctness of the amount. Under these circumstances we can indulge in no presumption that the District Court judgment is correct. In all fairness, we must remand for a hearing to determine the proper amount of judgment.”
It is well-settled law in Montana that District Court judgments are presumed to be correct. Toeckes v. Baker (1980), Mont., 611 P.2d 609, 37 St.Rep. 948; Rock Springs Corporation v. Pierre (1980), Mont., 615 P.2d 206, 37 St.Rep. 1378. The majority have assumed that because the District Court asked the tribe’s counsel to compute the amount owing on the judgment and submit that figure to the court, the District Court did not verify the figures so submitted prior to signing the judgment. I find nothing in the record to support this assumption and, therefore, dissent from the majority’s action in remanding this case for that purpose.
I concur in the remainder of the majority opinion.