MR. JUSTICE WEBER,
dissenting:
I dissent from that portion of Issue Six of the majority opinion which concludes that the punitive damages awarded in this case were not excessive. The jury returned the verdict for the plaintiff giving her economic damages of $94,170, emotional distress damages of $100,000 and punitive damages of $1,300,000. I conclude that under the factors hereafter described, the award of punitive damages in the amount of $1,300,000 was excessive.
Section 27-1-221, MCA, contains the statutory provisions with regard to punitive damages. Until the 1985 amendment which is not pertinent in this case, that statute provided for the award of puni *434 tive damages where the defendant has been guilty of oppression, fraud, or malice, actual or presumed, and allowed the award of damages for the sake of example and by way of punishment. No additional factors were set forth. In 1927 this Court described what a jury should consider in setting the amount of a punitive damage award:
“ ‘The jury should take into consideration the attendant circumstances, such as the malice or wantonness of the act, the injury intended, the motive for the act, the manner in which it was committed and the deterrent effect upon others . . . According to the general rule, it is proper for the jury to consider defendant’s wealth and pecuniary ability in fixing the amount of damages.’ 17 C.J. 994, 995 .... ‘The public good in the restraint of others from wrongdoing, as well as the punishment of the offender, is to be considered in estimating exemplary damages.’ Ward v. Ward, 41 Iowa, 686. Based on those determinative factors and general principles, in this state the rule is that the amount of exemplary damages must be reasonable.” (Emphasis supplied.)
Ramsbacher v. Hohman (1927), 80 Mont. 480, 489, 261 P. 273, 277.
In the case of Butcher v. Petranek (1979), 181 Mont. 358, 361, 593 P.2d 743, 744, this Court restated the rule in Montana that a jury award of punitive damages would not be disturbed unless the amount, considered in connection with the facts, indicates the jury was influenced by passion, prejudice, or corruption. My research indicates that there is a great difference of opinion in the various states on the manner and extent of review of punitive damages, both by the trial court and the appellate court. However, I do note that many courts have concluded that it was appropriate to set aside punitive damage awards on the basis of passion and prejudice, or similar rationales.
I approve the factors to be considered in reviewing punitive damages as set forth in Mallor and Roberts, Punitive Damages: Toward a Principled Approach, 31 Hastings L.J. 639 (1980). These factors are essentially as follows:
1. the severity of the harm likely to occur from defendant’s conduct;
2. the degree of reprehensibility of defendant’s conduct;
3. the profitability of the conduct;
4. the financial position of the defendant;
5. the amount of compensatory damages;
6. the costs of litigation;
*435 7. potential criminal sanctions; and
8. other civil actions against the defendant based on the same conduct.
Because this is a dissent, I will not extensively analyze the facts as they apply to each of these factors. I do suggest that a clear contradiction is shown if we apply factor (5) to the present case. The amount of the compensatory damages totals $194,170. This factor alone raises a significant question as to the punitive damages award of $1,300,000. As I seek to apply the above factors in my review of the facts of this case including the outrageous conduct on the part of the defendant, I conclude that an award of $1,300,000 as punitive damages is excessive.
This case tends to suggest the very real interplay which is possible on the jury’s part with regard to the various categories of damages. We speak of economic damages and emotional distress damages as being compensatory in nature and different in character from punitive or exemplary damages. I’m not certain that the jury made that distinction. As an example, had the jury not been allowed to award punitive damages in excess of one million dollars as was done in this case, the facts would seem to warrant an award for emotional distress in excess of $100,000.
I would therefore reverse the judgment and remand for new trial so the plaintiff would have an adequate opportunity to recover all types of damages which she may prove.
MR. JUSTICES GULBRANDSON and HARRISON, join in dissent MR. JUSTICE WEBER.