CORNNER, RESPONDENT, *v.* HAMILTON, APPELLANT.

(No. 4,619.)

(Submitted January 10, 1922. Decided January 30, 1922.)

[204 Pac. 489.]

*Malicious Prosecution—Burden of Proof—Malice—Probable Cause—Defenses—Advice of Counsel—Measure of Damages —Exemplary Damages—Scaling Verdict.*

Appeal and Error—Briefs—Duty of Counsel—Rules of Supreme Court.
   1. Assignments of errors not presented in the brief of counsel as required by subdivision C, section 3, Rule X of the supreme court, may be disregarded on appeal.

Malicious Prosecution—When *Prima Facie* Case Established.
   2. In an action for malicious prosecution, proof showing the commencement of a criminal prosecution by the defendant against the plaintiff, malice, want of probable cause, the termination of the prosecution favorable for plaintiff, and the resulting damage, establishes a *prima facie* case.

Same—Burden of Proof.
   3. The plaintiff in an action for malicious prosecution has the burden of proving that defendant acted maliciously and without probable cause.

Same—Malice—Probable Cause—Inferences.
   4. While malice in commencing a criminal prosecution may usually be inferred from want of probable cause, want of probable cause cannot be inferred from malice alone.

Same—Gist of Action.
   5. Want of probable cause is the gist of an action for malicious prosecution.

Same—"Probable Cause"—Definition.
   6. Probable cause for the commencement of a criminal prosecution means a reasonable ground for suspicion, supported by circumstances

---

4. As to when malice may be inferred in action for malicious prosecution, see note in 9 L. R. A. (n. s.) 1087.

[62 Mont. 239.]

sufficiently strong in themselves to warrant a reasonably prudent and cautious person to believe that the accused is guilty of the offense charged.

Same—Defense—Advice of Counsel—Essentials.

7. That defendant acted upon the advice of counsel in instituting a criminal prosecution is no defense, unless it affirmatively appears that he made a full and complete statement of. the facts to counsel, that he relied upon such advice and acted in good faith, the question whether he did so or not being for the jury's determination where different conclusions may be drawn from the evidence.

Same—Advice of Counsel—When not Defense.

8. Where defendant in an action for maliciously instituting a prosecution for burglary did not inform the county attorney upon whose advice he claimed to have acted, that accused was a tenant of his ranch property under a lease, that the lease had not expired, that accused had personal effects in the ranch house, and that he, defendant, had locked the house with chain and padlock while accused was temporarily absent therefrom, he was in no position to defend the action on the ground of advice of counsel.

Same—Damages Recoverable.

9. In an action for malicious prosecution, plaintiff is not confined to a recovery of his actual loss in dollars and cents but may be awarded compensation for nonpecuniary losses, such as for injury to his reputation, etc.

Same—Exemplary Damages Recoverable.

10. It is within the province of the jury to allow exemplary as well as compensatory damages in an action for malicious prosecution, and unless their determination appears to have been influenced by passion, prejudice or some other improper motive, or the amount is outrageously disproportionate to the wrong done or the situation or circumstances of the parties, the award will not generally be disturbed.

Same—Excessive Damages—Scaling Award—New Trial, When.

11. The district court may, in case of award of excessive damages, direct' the release of part thereof or award a new trial in case the release is not given.

Same—What not Excessive Award.

12. Held, that an award of $4,000 damages in an action for maliciously prosecuting plaintiff under a burglary charge was not excessive.

*Appeals from District Court, Fergus County; Jack Briscoe, Judge.*

ACTION by A. F. Cornner against R. E. Hamilton. From judgment for plaintiff and an order denying his motion for a new trial, defendant appeals. Affirmed.

7. On advice of counsel as defense in action for malicious prosecution, see notes in 1 Ann. Cas. 932; 11 Ann. Cas. 954; Ann. Cas. 1912D, 423; 18 L. R. A. (n. s.) 49; 39 L. R. A. (n. s.) 207.

On advice of counsel as affecting liability for exemplary damages for malicious prosecution, see note in 29 L. R. A. (n. s.) 281.

*Messrs. Cheadle & Cheadle,* for Appellant, submitted a brief; *Mr. E. K. Cheadle* argued the cause orally.

*Messrs. Belden & De Kalb* and *Mr. Charles J. Marshall,* for Respondent, submitted a brief.

MR. JUSTICE GALEN delivered the opinion of the court.

This is an action for damages for malicious prosecution. The cause was tried in Fergus county to the court with a jury, and resulted in a general verdict in favor of the plaintiff for $9,000, upon which judgment was entered. The court submitted to the jury two special interrogatories, which were returned with the general verdict, and which, with the answers made thereto by the jury, are as follows:

"Should you return a verdict for damages in any sum for the plaintiff, you will answer the following interrogatories, and return with your verdict:

" 'Interrogatory No. 1. Did plaintiff suffer actual damages by the acts of the defendant complained of in plaintiff's complaint? Ans. Yes.'

"If you answer the foregoing interrogatory in the affirmative, you will then answer the following:

" 'Interrogatory No. 2. What was the amount of actual damages sustained by the plaintiff because of the acts of the defendant? Ans. $7,000.00.' "

Upon motion for a new trial the court granted the same, "unless plaintiff within twenty days agree that the judgment heretofore rendered for actual damages be reduced from $7,000 to $2,000, as excessive and not justified by the evidence, making a total judgment of $4,000 and costs, with interest from the date of judgment."

Within the time allowed the plaintiff filed a written acceptance of the order made on motion for a new trial as follows: "Comes now the plaintiff by his attorneys and accepts the order of the court reducing judgment in the above-entitled

action to $4,000, in order to avoid the granting of a new trial in said cause, and hereby excepts to the said order.''

The appeal is from the judgment as modified and from the order denying defendant's motion for a new trial.

Ten specifications of error are assigned, the first eight of [1] which relate to the admission of evidence over defendant's objection. These assignments do not conform to the rules of this court (subdivision C, par. 3, Rule X, 167 Pac. x), and with propriety they might be wholly disregarded. The rules of this court were promulgated for reasons apparent, and should be carefully followed by attorneys. They should be honored by observance rather than dishonored by breach. (*Brockway* v. *Blair*, 53 Mont. 531, 165 Pac. 455.) However, from an examination of the record, these alleged errors are found to be without merit. Although appeal is made from the judgment, the judgment-roll is not incorporated in the record, as required by statute. (Sec. 7112, Rev. Codes 1907.)

In this case, neither the record on appeal nor appellant's brief reflect credit on counsel for the appellant. In the alleged brief there is not an authority cited, not even a statute. Such laxity is vexatious to this court, jeopardizes the rights of clients, and needlessly increases the work devolving upon us.

The ninth and tenth assignments of error present but a single question determinative of the case on its merits, namely: Are the damages excessive? From a careful review of the testimony, we are of opinion the damages allowed by the court in reduction of the verdict on motion for a new trial are wholly warranted. It will serve no useful purpose to review the evidence. Suffice it to say, the proof clearly establishes [2] the commencement of a criminal prosecution by the defendant against the plaintiff by the filing of criminal complaint in the justice court of Big Spring township, Fergus county, verified by the oath of the defendant, charging the plaintiff with the crime of burglary, malice, want of probable cause, the favorable termination of the prosecution, and the resulting

damage. Thus a *prima facie* case was established. (*Stephens
v. Conley,* 48 Mont. 352, Ann. Cas. 1915D, 958, 138 Pac. 189.)

The plaintiff, in order to establish his case, had the burden
[3-6] of proving that defendant acted maliciously and with-
out probable cause (*Beadle* v. *Harrison,* 58 Mont. 606, 194 Pac.
134), and this he did by proof quite sufficient to satisfy the
jury. Malice may usually be inferred from want of probable
cause (*Grorud* v. *Lossl,* 48 Mont. 274, 136 Pac. 1069; *Beadle*
v. *Harrison, supra; Martin* v. *Corscadden,* 34 Mont. 308, 86
Pac. 33), but want of probable cause cannot be inferred from
malice alone. (26 Cyc. 22–25.) However, in this case, there
was independent proof of malice, in addition to that of want
of probable cause. As the name implies, malice is the root
of an action of malicious prosecution, yet malice alone is not
enough; want of probable cause for the institution of the pro-
ceedings must be shown, so that it may be said that want of
probable cause is the very gist of the action. (18 R. C. L. 33,
34; 26 Cyc. 20.) Probable cause is defined to mean reason-
able ground for suspicion, supported by circumstances suffi-
ciently strong in themselves to warrant a reasonably prudent
and cautious man in the belief that the accused is guilty of the
offense with which he is charged. (26 Cyc. 24; 18 R. C. L.
335.)

The defendant pleaded in defense reliance upon the advice
[7] of the county attorney, as to which he submitted evi-
dence, and the court correctly instructed the jury with respect
thereto as follows: "You are instructed that if before signing
the complaint in the court of Justice Brassey the defendant
consulted Frank A. Wright, attorney at law, and at that time
county attorney of Fergus county, and fully and fairly stated
to him all the facts that he, the defendant, had in his pos-
session in regard to the alleged offense of burglary by the
plaintiff in this action, the said Frank A. Wright thereupon
advised the defendant as an attorney, or as said county attor-
ney, and that the defendant, after receiving said advice, acted
thereon, and on December 13, 1916, in good faith, relying on

such advice, signed the said complaint that resulted in the arrest of the plaintiff in this action, such advice so given and acted upon is a perfect defense to this action, and your verdict must be for the defendant.''

The rule is settled that it is a complete defense of probable cause to show that the defendant submitted to proper counsel a statement of all the facts concerning the guilt of the accused; that in good faith he received advice justifying the' prosecution, and acted on such advice in instituting the proceedings complained of.  (*Beadle* v. *Harrison, supra.*)

But it must affirmatively appear that the defendant made a full and complete statement of the facts of the case to counsel, and the fact that the defendant consulted counsel before bringing the prosecution is no defense where it appears that he did not rely on counsel's advice.  (*Martin* v. *Corscadden, supra.*)  In order for the defendant to avail himself of the defense of advice of counsel, it must appear that he fully and fairly presented to counsel all of the facts within his knowledge.  (26 Cyc. 35.)  And it is a question of fact for the jury whether the defendant fairly communicated to his counsel all of the facts which he knew or ought to have known, and whether he acted in good faith upon the advice received, where different conclusions may be drawn from the evidence.  When the facts in the case, and those laid before the attorney, are all in evidence, the jury may determine whether the statement was full and fair, and whether under the particular circumstances of each case the advice of counsel is a defense. [8]  (26 Cyc. 111.)  In this case, it appears plain that the defendant did not fully and fairly state all of the facts to the county attorney concerning the alleged burglary, and therefore the attorney's advice is no defense.  For instance, he did not tell the attorney that plaintiff was a tenant of his ranch property under lease, and the tenure of the lease had not expired; that the plaintiff and his family had been occupying the house for two years in connection with the lease of the ranch property; that the plaintiff had personal effects in the house;

and that the defendant had locked the house with chain and padlock while plaintiff was temporarily absent therefrom. Had these facts been fully and fairly disclosed, it is reasonable to suppose that the county attorney would not have advised the plaintiff's arrest.

"The plaintiff in an action for malicious prosecution is not
[9] confined in his recovery to the actual loss in dollars and cents he has suffered, whether in the nature of money paid out or gains prevented. He may also recover for nonpecuniary losses he sustains, and these are often the chief items in his recovery. Important in this class of damages is the injury to the plaintiff's reputation. An accusation of crime, made under the forms of law, or on the pretense of bringing a guilty man to justice, is made in the most imposing and impressive manner, and may inflict a deeper injury upon the reputation of the party accused than the same words uttered under any other circumstance. Such an injury is beyond question included in the damages given in the action for malicious prosecution, and indeed may not afterwards be recovered for in another action." (18 R. C. L., p. 73.)

It was proper for the court to instruct the jury in this
[10] case on the subject of the allowance of exemplary damages, and proper for the jury, under the evidence, to allow the same (sec. 6047, Rev. Codes 1907; 18 R. C. L., p. 75; 26 Cyc. 1031; *Luther* v. *Lee, ante,* p. 174, 204 Pac. 365), and in this
[11, 12] class of cases it is wholly within the province of the jury to fix the amount of damages to be awarded, compensatory as well as exemplary; and, unless its determination appears to have been influenced by passion, prejudice, or some improper motive, or unless the amount is outrageously disproportionate, either to the wrong done or the situation or circumstances of the parties, the court will not generally interfere with the verdict. In cases of an award of excessive damages, the court may, as it did in the case before us, direct the release of part of such damages, or award a new trial, in case the release is not given. (26 Cyc. 65.) In this case, the damages allowed

by the court on motion for a new trial were fully warranted by the evidence.

The judgment and order are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES REYNOLDS, COOPER and HOLLOWAY concur.