DALE W. BOLLINGER and NORINE J. BOLLINGER, PLAINTIFFS AND RESPONDENTS, *v.* WALTER C. JARRETT, LOIS G. JARRETT and EDNA JARRETT, CO-PARTNERS, DEFENDANTS AND APPELLANTS.

No. 10923.

Submitted September 14, 1965. Decided October 25, 1965.

406 P.2d 834.

Andrew G. Sutton (argued), Billings, for appellants.

Anderson, Symmes, Forbes, Peete & Brown, Billings, Rockwood Brown, Jr. (argued), Billings, for respondents.

MR. JUSTICE DOYLE delivered the Opinion of the Court.

This is an appeal from a summary judgment rendered by the District Court of the Thirteenth Judicial District of Montana, the Honorable E. E. Fenton, Judge presiding. The action was commenced by Dale W. Bollinger and Norine J. Bollinger, plaintiffs and respondents, hereinafter referred to as the sellers, to recover the balance due on a conditional sales contract. Judgment was in their favor.

The facts are that on April 5, 1960, the defendants and appellants, Walter C. Jarrett, Lois G. Jarrett and Edna Jarrett, co-partners, hereinafter referred to as the buyers entered into a written contract with the sellers for the purchase of certain parts, tools, stock and equipment of a combined garage and International Harvester dealership. The consideration therefore was $23,328.32, to be paid $10,000 down and $250 per month, until the obligation was satisfied. By August 9, 1962, the buyers were unable to maintain the monthly payments and their business was failing. On that date the parties entered into an agreement as an addendum and amendment to the original contract. This agreement provided that the buyers sell all usable parts to International Harvester Company and assign the proceeds thereof over $1,000, to the sellers in partial satisfaction of the unpaid balance due. It further provided that the monthly payments were to be reduced to $100 per month. On April 26, 1963, with the buyers having missed two payments, the sellers accelerated all installments by demanding the full unpaid balance. Thereafter the sellers instituted this proceeding.

The major question in this case is whether the sellers are limited in their remedy to the security, i.e., the equipment sold, and thereby precluded from suing for the balance due. It is well established that the vendor in a conditional sales contract can have either. First National Bank of Missoula v. Marlowe, 71 Mont. 461, 230 P. 374; 78 C.J.S. Sales § 597, p. 344. The buyers in this case argue, however, that the sellers are limited to the security by the terms of the instrument. They cite the following language from the contract: "If the default hereinabove set forth shall not be cured within the thirty-day period hereinabove provided, the Sheriff of Yellowstone County is hereby authorized, upon the request of the seller, or the seller's assignee, and the delivery to the said Sheriff of a copy of this contract certified by the Clerk and Recorder of the county, where the same is on file, to take such property and sell the same by law for sheriff's sale of personal property

under execution, and apply the proceeds thereof first to the payment of the expenses of such sale, and second, to the payment of the amount due this contract, and the remainder, if any, shall be paid to the purchaser or its assigns."

The buyers maintain that this provision was invoked by the addendum agreement which caused them to sell all the usable parts purchased under the original contract, retaining only obsolete parts. This, so the argument runs, brought into play section 74-207, R.C.M.1947, which provides that after enforcement of the security in a conditional sales contract, the vendor is not entitled to the balance owing if he has already recovered one-third of the purchase price. In this case $17,901.86, plus interest on the $23,328.32 due, had been paid. Buyers further buttress their argument that this was the sellers' exclusive remedy by pointing out that the above-quoted provision is expressly provided for in section 74-207, wherein it is stated: "* * * it shall also be lawful for the vendor of any such personal property to insert in any such conditional sale contract, note, or instrument, and make a part thereof, a clause authorizing the sheriff of the county in which said property, or any part thereof, may be, upon request of the vendor and the delivery to him of a copy of such contract, note, or instrument, certified by the county clerk and recorder of the county where the same is on file as being a true copy, to take possession of such property in case of such default, and sell the same after notice given therefor for such time and in the manner provided by law for sheriff's sale of personal property under execution, and apply the proceeds thereof, first to the payment of the expenses of such sale, and second, to the payment of the amount due on said contract, note, or instrument, and the remainder, if any, shall be paid to the vendee or assigns * * *."

To treat of first things first, we cannot agree that the terms of the contract limited the remedy available. Nowhere in the instrument is there language limiting the buyers to the procedure in case of default set forth in the quoted con-

tract provision. Squarely in point with the instant case on this question is Jensen v. Sire, 137 Mont. 391, 352 P.2d 263, 84 A.L.R.2d 317. Essentially the same provision was involved in that case. The court there held as follows: "This court has said in J. M. Hamilton Co. v. Battson, 99 Mont. 583, 591, 44 P.2d 1064, 1067, 101 A.L.R. 520, that 'It was nowhere provided in the contract in direct terms that the remedies therein mentioned were deemed to be exclusive. Where a contract specifically provides that the remedies enumerated therein shall be the only course of settlement thereunder, a party to it is limited to the remedies provided therein. Wing v. Brasher, 59 Mont. 10, 194 P. 1106. *Although, when a contract provides for a definite and specific remedy in the case of breach, without any limitation making such enumerated remedy or remedies exclusive, a party is entitled to pursue the remedy specified in the contract, he may also pursue any other remedy which the law affords, in addition to those provided for in the contract.* Alexander v. Wingett, 63 Mont. 254, 206 P. 1088; Wandell v. Johnson, 71 Mont. 73, 227 P. 58.' "

Appellants insist, however, that the Jensen case cannot be considered conclusive on the point because it did not consider section 74-207. We find this to be immaterial. Even though the contract does set forth a statutory remedy, the fact remains that there is nothing in the instrument limiting the sellers to it.

Nor can we accept the contention that the addendum agreement constituted an election. It was an alteration of the original contract with consideration on both sides. Under it the buyers "consented" to the sale of the inventory. There was no mention of forfeiture. The sellers did not place the buyers in default. On the contrary the agreement comprehended the continued payment by the buyers on the debt at a rate of $100 per month. Only with this action did the sellers elect a remedy and that remedy was to seek the balance to which they were entitled.

360

Appellant-buyers appeal on several additional points. One is that respondent-sellers failed to file a brief opposing consolidated motions of the buyers within the time prescribed by the court rules. Buyers cite Rule 6 of the Rules of Practice, Thirteenth Judicial District which provides in part:

"Failure to file briefs within the prescribed time shall subject such motions to summary ruling, and the failure to file a brief by the moving party shall be deemed an admission that, in the opinion of counsel, the motion is without merit, and such failure to file a brief by the adverse party shall be deemed an admission that, in the opinion of counsel, the motion is well-taken."

From this, buyers reason that it was error for the court to rule against the motions. This is a *non-sequitur*. The rule refers only to what the opinion of counsel is deemed to be. It does not in any way limit the freedom of the court to rule in accordance with its own opinion.

It is also contended that it was error for the court to render summary judgment against appellant-buyers' counterclaim. The basis of the counterclaim was that the sellers' action wrongfully injured the credit standing of the buyers. The only possible grounds for such a claim are libel and malicious prosecution, neither of which can be sustained here. There is no libel because any publication made in a judicial proceeding is privileged under R.C.M.1947, § 64-208. And malicious prosecution founded on a civil action is not the proper subject of a counterclaim since it requires proof of termination of the former proceeding in favor of the defendant therein. Baker v. Littman, 138 Cal.App.2d 510, 292 P.2d 595; 54 C.J.S. Malicious Prosecution § 54, p. 1021.

Brief argument is made on several other questions, each of which has either been disposed of in this opinion or involved no prejudice to the appellant-buyers.

Judgment affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES JOHN CONWAY HARRISON, ADAIR and CASTLES concur.