No. 14585

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

---

RICHARD D. McGUIRE,

           Plaintiff and Appellant,

   -vs-

JESS C. ARMITAGE,

           Defendant and Respondent.

---

Appeal from:  District Court of the Fifth Judicial District,
            Honorable W. W. Lessley, Judge presiding.

Counsel of Record:

    For Appellant:

        Thomas C. Honzel argued, Helena, Montana

    For Respondent:

        Morrow, Sedivy and Olson, Bozeman, Montana
        Thomas A. Olson argued, Bozeman, Montana

---

           Submitted:  June 12, 1979

           Decided:  NOV   1979

Filed:

_Thomas J. Kearney_
                Clerk

Honorable James M. Salansky, District Judge, sitting in place of Mr. Justice Sheehy, delivered the Opinion of the Court.

Plaintiff appeals from the findings of fact, conclusions of law and judgment entered by the District Court, Madison County, dismissing plaintiff's complaint and awarding defendant general damages, attorney fees, and costs on the grounds that the suit had been maliciously prosecuted.

In August 1972, plaintiff, Richard McGuire, contacted defendant, Jess Armitage, for the purpose of discussing the sale of certain real property owned jointly by plaintiff, with his now deceased wife and Keith and Leah Rush. Defendant, a licensed real estate agent, orally agreed to list the property. Approximately one month later, defendant located a possible buyer, a neighboring landowner named Herbert Wellington.

A buy-sell agreement was executed providing that the McGuires would maintain possession of the house on the land until April 15, 1973, if they needed a personal dwelling. The document also provided that a final agreement would follow.

Plaintiff informed defendant that he wanted the final agreement to be drawn quickly because his wife was ill and he wanted money to build a new house. Defendant suggested that James H. Morrow, an attorney in Bozeman, Montana, prepare the final agreement. Plaintiff agreed, and a contract for deed was signed on October 31, 1972.

Some months later, Wellington filed suit in District Court to evict plaintiff from the land because plaintiff had remained in the house in violation of the agreement. Wellington's attorney in the matter was James H. Morrow. (The record of the action, cause No. 6306, is appended to the District Court file.) In a judgment entered April 3, 1974, the District Court ordered plaintiff to turn over possession of the dwelling house and surrounding real property to Wellington.

In March 1973, plaintiff filed a written complaint with the Montana Board of Real Estate alleging defendant had failed to disclose that James H. Morrow was representing Wellington at the time of the real estate transaction. Edmund F. Sheehy, a special investigator for the Department of Licensing, Montana Real Estate Board, conducted an investigation of the matter in Ennis, Montana, and the surrounding area. A report was then filed by Sheehy with the secretary of the Board of Real Estate, Matt Brown. Brown, in turn, gave the information to the Board and the complaint was dismissed. An index card in the Board's file was marked "no issue", and dated July 23, indicating that the case was closed. Plaintiff, however, was never notified of the disposition of the case.

On June 14, 1977, plaintiff filed a complaint in District Court, Madison County, alleging that defendant had failed to disclose James H. Morrow's status as Wellington's attorney, thereby damaging plaintiff because certain terms had not been included in the final agreement. The cause was tried by the District Court, sitting without a jury, on May 11, 1978. On June 14, 1978, the District Court entered findings of fact and conclusions of law. The court found that defendant had disclosed to plaintiff that James H. Morrow was Wellington's attorney and dismissed the complaint. In response to defendant's counterclaim, the court found that plaintiff did not have probable cause to file the complaint and concluded that the suit had been maliciously prosecuted. It was determined that defendant had suffered injury to his reputation, health, business and credit. The District Court estimated that an award of $1,000 would compensate defendant for the damages incurred. Judgment was entered August 11, 1978, directing plaintiff to pay defendant's damages, attorney fees and costs. Plaintiff's notice of appeal was filed on September 1, 1978.

Plaintiff frames the issues in the following manner:

1.  Did the District Court err in denying plaintiff's motion to dismiss defendant's counterclaim?

2.  Was there sufficient evidence presented to support finding of fact No. 10 that plaintiff's complaint with the Board of Real Estate had been dismissed?

3.  Was there sufficient evidence presented to support finding of fact No. 13 that in filing the complaint in this case, the plaintiff did not have probable cause?

4.  Was there sufficient evidence presented to conclude that defendant was entitled to have judgment against the plaintiff on his counterclaim?

5.  Did the District Court err in using cause No. 6306 for concluding that plaintiff's complaint should be dismissed and that defendant should have judgment on the counterclaim?

6.  Did the District Court err in dismissing plaintiff's complaint?

A malicious prosecution has been briefly defined as one that is begun in malice, without probable cause to believe that it can succeed, and that finally ends in failure. McIntosh v. City and County of Denver (1936), 98 Colo. 403, 55 P.2d 1337.

The elements necessary to make out a _prima facie_ case of malicious prosecution were noted by this Court 65 years ago in Stephens v. Conley (1914), 48 Mont. 352, 369, 138 P. 189, 193-194. A plaintiff is required to allege and prove:

> "(a) That a judicial proceeding was commenced and prosecuted against him; (b) that the defendant was responsible for instigating, prosecuting or continuing such proceeding; (c) that there was want of probable cause for defendant's act or acts; (d) that he was actuated by malice; (e) that the proceeding terminated favorably for plaintiff; and (f) that plaintiff suffered damage with the amount thereof."

More recently, the same elements were set forth at 52 Am Jur 2d Malicious Prosecution, §6, p. 190, wherein it was noted that the judicial proceeding complained of may be civil, criminal

- 4 -

administrative or disciplinary in nature.

In the case on appeal, the judicial proceeding which defendant alleged was maliciously prosecuted was before an administrative board--the Montana Board of Real Estate. An action for malicious prosecution may be founded upon the institution of a proceeding before an administrative agency. This rule is in no way dependent upon the type of judicial review which is allowed after decision of the administrative agency involved. Hardy v. Vial (1957), 48 Cal.2d 577, 311 P.2d 494; Restatement 2d, Torts, §680; Anno. 143 A.L.R. 157.

Want of probable cause is the very gist of an action for malicious prosecution. Wilson v. Gehring (1968), 152 Mont. 221, 448 P.2d 678; Noblett v. Bartsch (1903), 31 Wash. 24, 71 P. 551. Although malice may be inferred from want of probable cause, Wendel v. Metropolitan Life Ins. Co. (1928), 83 Mont. 252, 272 P. 245, want of probable cause cannot be inferred from malice. Cornner v. Hamilton (1922), 62 Mont. 239, 204 P. 489.

The requirement that the judicial proceeding has been terminated favorably to the plaintiff necessarily implies that an action for malicious prosecution may not be asserted by way of a cross-complaint or counterclaim in the original proceeding. Baker v. Littman (1956), 138 Cal.App.2d 510, 292 P.2d 595. This Court in Bollinger v. Jarrett (1965), 146 Mont. 355, 406 P.2d 834, relied on Baker in refusing to overturn a summary judgment against a counterclaim for malicious prosecution. However, the Court's opinion unnecessarily narrows the rule:

> "It is also contended that it was error for the court to render summary judgment against appellant-buyers' counterclaim. The basis of the counterclaim was that the sellers' action wrongfully injured the credit standing of the buyers. The only possible grounds for such a claim are libel and malicious prosecution, neither of which can be sustained here. There is no libel because any publication made in a judicial proceeding is privileged under R.C.M. 1947 §64-208. And malicious prosecution founded on a civil

- 5 -

action is not the proper subject of a counterclaim since it requires proof of termination of the former proceeding in favor of the defendant therein. Baker v. Littman, 138 Cal.App.2d 510, 292 P.2d 595; 54 C.J.S. Malicious Prosecution §54, p. 1021." (Emphasis added.) 146 Mont. at 360, 406 P.2d at 837.

A counterclaim for malicious prosecution would not be premature if the claim is based on a previously terminated proceeding. 52 Am Jur 2d Malicious Prosecution, §14, p. 195. The Bollinger case incorrectly states that malicious prosecution may not be the subject of a counterclaim, without explaining that the rule applies only where the counterclaim is made during the original proceeding.

If the above-mentioned rules are applied to the instant case, it appears that defendant's recovery for malicious prosecution should stand despite some irregularities in the District Court's findings of fact. In findings of fact No. 13, the court states that plaintiff did not have probable cause in filing "this" complaint. The pertinent complaint can only be the one filed with the Board of Real Estate and, in fact, the evidence in the record concerns only the previous complaint. The Board concluded that "no issue" existed and an index card was placed in its file noting such. The conclusion had been reached after a special investigation had taken place and a board meeting had been held. (Finding of fact No. 10 concerns these facts.) Therefore, although the District Court incorrectly refers to the complaint before it, the record and other findings clearly reveal that the proceeding instigated without probable cause (for purposes of the counterclaim) was the one filed with the Board of Real Estate.

Since defendant's counterclaim was based on a proceeding that had terminated in his favor and the proceeding had been instigated without probable cause, the District Court properly inferred malice from the circumstances and upheld the counterclaim.

"Reliance upon the advice of counsel, provided it is given in good faith and is based upon a

> full and fair statement of the facts by the
> client, may afford the latter a complete defense
> to an action for malicious prosecution. [Citing
> authority.] But it is an affirmative defense.
> It may be shown under a general denial in the
> answer [citing cases], but the burden of estab-
> lishing it is upon the defendant." Masterson v.
> Pig'n Whistle Corporation (1958), 161 C.A.2d 323,
> 326 P.2d 918, 929. (Emphasis added.)

Only on appeal does plaintiff raise the contention that he relied

on the advice of his counsel. The defense was not presented

nor proved to the District Court.

Finding of fact No. 9 states:

> "That said WELLINGTON thereafter filed claim against
> the McGuires and Rushes in this Court in Cause No.
> 6306, and this Court takes judicial notice of said
> action and all matters contained therein, and finds
> therefrom that the Plaintiff herein was making the
> same claims of failure to disclose that MORROW was
> the attorney for said WELLINGTON, and that this Court
> did, after trial, give judgment in favor of said
> WELLINGTON, and the Court further finds that in said
> Cause No. 6306 a dispute over distribution of money
> did exist between said McGuires and said Rushes.
> This Court did find in favor of said Rushes and that
> said matter has been settled."

Plaintiff contends the District Court considered cause

No. 6306 to be dispositive of the instant case. However, the

finding of fact does not state that the complaint was dismissed

because a similar claim was made in cause No. 6306. The District

Court dismissed the complaint because it believed defendant's

testimony that he informed plaintiff that James H. Morrow was

Wellington's attorney. Finding of fact No. 7 formed the basis of

the dismissal:

> "That at the time of the original Receipt and Agree-
> ment to Sell and Purchase, the Plaintiff herein
> told the Defendant, as a licensed realtor and an
> employee of First National Insurance Group of Ennis,
> Montana, that he wanted the final agreement to be
> drawn quickly, as his wife was ill and he wanted
> monies to build a new house; that the Defendant then
> informed Plaintiff that said J. H. Morrow was the
> attorney for said WELLINGTON, and that what he pre-
> pared would be acceptable to WELLINGTON; that the
> Defendant did then contact said MORROW to prepare the
> agreement."

Defendant's testimony concerning his disclosure of James

- 7 -

H. Morrow's status appears on page 89 of the transcript. "Where the evidence is conflicting, but substantial evidence appears in the record to support the judgment, the judgment will not be disturbed on appeal . . ." Jessen v. O'Daniel (1959), 136 Mont. 513, 520, 349 P.2d 107, 111.

In summary, cause No. 6306 was not relied on by the District Court to conclude that defendant had disclosed James H. Morrow's status. Sufficient evidence exists in the record itself to support dismissal of the complaint.

With respect to the issue of whether the administrative proceeding before the Board of Real Estate had terminated in defendant's favor, finding of fact No. 10 states as follows:

> "That the Plaintiff herein did cause a sworn complaint to be filed against Defendant before the Montana Real Estate Commission on March 13, 1973, with details as set forth in his Complaint filed in this cause, and as testified by him in this cause and cause No. 6306; that the Montana Real Estate Commission, through its Special Investigator, did make an investigation of the Company by inquiry of Mr. Rush and realtors and others in the area; that the records of the Montana Real Estate Commission reflect and that the investigation was closed July 23, 1973, and the Complaint was dismissed."

Substantial evidence appears in the record to support that finding, and was therefore properly used by the District Court to conclude that defendant was being maliciously prosecuted by plaintiff.

Affirmed.

_____
Hon. James. M. Salansky, District
Judge, sitting in place of Mr. Justice
John C. Sheehy.

We concur:

_____
Chief Justice

_____

_____

_____
Justices

- 8 -