JUSTICE DALY,
dissenting:
I respectfully dissent.
The majority here has allowed themselves the luxury of becoming involved in a morass of Red Herrings about lien waivers, etc., and uncontroverted evidence, and has totally disregarded the authority that pertains when a citizen proceeds through the county attorney rather than directly, i.e., a justice court complaint.
On October 25, 1977, Ron Pierce, general manager of Pierce Flooring, signed an “Investigative Form for Bad Checks and Forgeries,” the standard form used by the Yellowstone County Attorney’s office to decide whether to prosecute a bad check charge. The form was filled out properly, including one question which asked whether the check was given in payment for an existing debt, to which Pierce Flooring replied “yes.” The deputy county attorney who subsequently decided to prosecute the case testified at the trial that he would have rejected, and probably did reject the case, at that time because of the affirmative answer to the existing debt question.
Nevertheless, on November 1, a complaint was filed in the Justice Court of Yellowstone County on the charge of issuing a bad check (felony) in that Michael Reece “with the purpose to secure property, to wit: lien waivers on real estate and fixtures” issued the check. The record is unclear as to how the deputy county attorney came to the belief that lien waivers had been given in exchange for full payment. The deputy county attorney testified that such information could have come from either law enforcement personnel or from an employee of Pierce Flooring, but he could not remember why he thought lien waivers had been given to Reece.
The county attorney’s office received a note from Pierce Flooring on November 8, 1977, stating that copies of a lien waiver could not *99 be found. The deputy county attorney who swore out the affidavit in support of the complaint against Reece testified that had he not been so busy, he would have dismissed the case at that time or would have confirmed that lien waivers could not be found and then would have dismissed the case.
On Sunday, November 27, 1977, Reece was arrested in his home. He was booked and kept in the Yellowstone County jail until he arranged bail of $2,800. On December 1, 1977, the complaint was dismissed by the deputy county attorney on the grounds that new evidence indicated that it was not in the interest of justice to prosecute.
Reece presents essentially one issue for review: Whether the District Court erred by granting Pierce Flooring’s motion for directed verdict on the grounds that Reece failed to show want of probable cause on the part of Pierce Flooring.
Reece argues that the question of want of probable cause should not have been decided by the District Court as a matter of law because the record contains sufficient proof of probable cause to submit this issue to the jury. He argues specifically that when the evidence he presented is viewed in its most favorable light it shows:
1. Pierce Flooring’s actions were not those of a prudent, cautious and reasonable man;
2. All facts surrounding the check were not fairly and fully represented to the law enforcement officers;
3. The charge was filed to collect a preexisting debt and nothing of value was given to Reece;
4. Pierce Flooring failed to make sufficient inquiry into the circumstances under which the check was issued; and
5. Pierce Flooring intentionally misled the law enforcement officer and fabricated facts to motivate criminal proceedings against Reece.
It is true that upon a motion for a directed verdict by a party, the evidence introduced by the opposing party must be viewed in its most favorable light. See Sistock v. Northwestern Telephone Systems, Inc. (1980), [189 Mont. 82,], 615 P.2d 176, 178, 37 St. Rep. 1247, 1249, and cases cited therein. Nevertheless, such a rule does not mean that this Court can make numerous factual inferences which are not supported by the record. Considering the evidence in the light most favorable to Reece, I cannot say that the District Court erred in its verdict.
*100 Further, it is a well-settled rule in this state that it is the function of the court to determine whether probable cause exists in a malicious prosecution case; it is a question of law to be determined by the court. Orser v. State (1978), 178 Mont. 126, 582 P.2d 1227; 3-D Lumber Co. v. Belgrade State Bank (1971), 157 Mont. 481, 488-489, 487 P.2d 1136, 1140; Wendel v. Metropolitan Life Ins. Co. (1928), 83 Mont. 252, 263, 272 P. 245, 249. The District Court was therefore acting within its prerogative to decide this case on a directed verdict, as a matter of law, if the record supports its conclusion that Reece failed to present his prima facie case of malicious prosecution and, in particular, that Reece failed to show that Pierce Flooring acted without probable cause by going to the Yellowstone County Attorney and filling out an information sheet on had checks.
There is no question that want of probable cause is the gist of an action for malicious prosecution. McGuire v. Armitage (1979), [184 Mont. 407,] 603 P.2d 253, 36 St.Rep. 2142; Wilson v. Gehring (1968), 152 Mont. 221, 448 P.2d 678; Fauver v. Wilkoske (1949), 123 Mont. 228, 211 P.2d 420; Cornner v. Hamilton (1922), 62 Mont. 239, 204 P. 489. Probable cause means “reasonable ground for suspicion, supported by circumstances sufficiently strong in themselves to warrant a reasonably prudent and cautious man in the belief that the accused is guilty of the offense with which he is charged.” Cornner, 62 Mont. at 243, 204 P. at 491, as quoted in Orser, 178 Mont. at 137, 582 P.2d at 1233. Moreover, since an action for malicious prosecution runs counter to important legal and social policies, such as encouraging criminal proceedings against those who appear guilty of a crime, it is not favored by the law and the burden on the plaintiff is heavy. See Wendel, 83 Mont. at 262-263, 272 P. at 248; accord, Orser, 178 Mont. at 135, 582 P.2d at 1232.
Reece, therefore, had a heavy burden to show that Pierce Flooring acted without probable cause, and clearly he cannot meet that heavy burden by arguing only tenuous inferences.
Although there may be some question as to a full disclosure of all of the facts surrounding the issuance of the check, it is clear from the record that Pierce Flooring was relying upon the decisions made at the county attorney’s office concerning what information was important and what information was not important. Pierce Flooring truthfully and accurately filled out the county attorney’s information sheet on which the decision to prosecute was based.
Any confusion over the existence of lien waivers was eradicated on November 8, when the county attorney’s office received the note from *101 Pierce Flooring that there was no record of any lien waivers. From November 8,1977, to November 27, when Reece was arrested, according to the testimony of the deputy county attorney in charge of the case, there was sufficient disclosure of information by Pierce Flooring to warrant dismissal of the case.
As this Court noted in Halladay v. State Bank of Fairfield et al. (1923), 66 Mont. 111, 117-118, 212 P. 861, 863-864:
“... The rule is that, where the prosecuting officer states a criminal proceeding upon a full and fair statement of the facts from the accuser, he acts for the state; and so he does when he proceeds upon his own personal knowledge ...
“Generally, it may be said that a prosecuting officer is charged with the duty of determining when to commence a particular prosecution, and when to discontinue it. He stands upon a different footing from a defendant, who goes to a justice of the peace, swears out a warrant, and directs the prosecuting officer to see to its execution. The county attorney in this state, not only directs under what conditions a criminal action shall be commenced, but from the time it begins until it ends his supervision and control is complete, limited only by such restrictions as the law imposes ...
“... If, therefore, a prosecuting officer incorrectly determines that certain facts given to him constitute a crime and proceeds to set on foot necessary action, the informant is not liable, because the fault is not his, but that of the officer ...” (Emphasis supplied.)
In light of Pierce Flooring’s reliance on the expertise of the county attorney’s office in terms of what information was important and what was not, it cannot be said that Pierce Flooring was not acting prudently and cautiously and without probable cause. I would affirm the District Court’s directed verdict for Pierce Flooring.