**BANK OF HAWAII, Plaintiff,**

**v.**

**EMMA RANDALL, Defendant.**

High Court of American Samoa
Trial Division

CA No. 22-95

November 5, 1997

Before RICHMOND, Associate Justice, TAUANU`U, Chief Associate Judge, and ATIULAGI, Associate Judge

Counsel: For Plaintiff, Ellen A. Ryan
For Defendant, *Pro Se*

## ORDER GRANTING MOTION TO DISMISS

Plaintiff Bank of Hawaii ("BOH") seeks judgment against defendant Emma Randall ("Randall") for $14,962.68, plus interest, attorney's fees and costs, based on an alleged default on a loan note, dated April 30, 1992. The trial date is December 5, 1997.

Randall filed a counterclaim against BOH and its attorney, Ellen A. Ryan ("Ryan"). The basis of the counterclaim is that Randall's credit ratings, good name, reputation, and career have been ruined because of BOH and Ryan's inaccurate assertions. Ryan moved to dismiss the counterclaim, and the motion came for hearing on October 20, 1997.

### Discussion

■ Randall's counterclaim is essentially a claim of malicious prosecution. A required element of such a claim is the termination of a prior action in favor of the party bringing the claim for malicious prosecution. *See, e.g., H & H Farms, Inc. v. Hazlett*, 627 P.2d 1161, 1167 (Kan. App. 1981)("[A]n action for malicious prosecution may not be asserted by way of cross-complaint or counterclaim in the original proceedings, prior to its termination, since it is essential that the original proceedings shall have previously terminated in favor of the party bringing the malicious prosecution action.") (quoting *First Trust Co. of Montana v. McKenna*, 614 P.2d 1027 (Mont. 1980) (quoting 52 Am.Jur.2d, *Malicious Prosecution* 14 at 195)); *Bollinger v. Jarrett*, 406 P.2d 834, 837 (Mont. 1965) (Defendant's counterclaim that plaintiff's action for balance due wrongfully injured the credit standing of the defendant could not be sustained on grounds of malicious prosecution because a claim of malicious prosecution requires proof of termination of a former proceeding in favor of the defendant.)

Because there has been no final determination of BOH's claim against Randall, Randall's counterclaim for malicious prosecution is premature and must be dismissed. *H & H Farms*, 627 P.2d at 1167; *Izard v. Arndt*, 483 F. Supp. 261, 264 (E.D. Wis. 1980).

### Order

Randall's counterclaim is dismissed without prejudice. She may make the claim again only at the proper time.

It is so Ordered.