BRYAN, Judge.
Arthur Haynes appeals from a judgment dismissing his claims against Ron Coleman alleging malicious prosecution and abuse of process. We affirm.
Haynes was employed as a public-school teacher in Mobile County. The Board of School Commissioners of Mobile County terminated Haynes’s employment, pursuant to § 16-24-9, Ala.Code 1975, a part of the Teacher Tenure Act, § 16-24-1 et seq., Ala.Code 1975. Pursuant to § 16-24-10, Ala.Code 1975, Haynes appealed his dismissal to a hearing officer, and, following a hearing, the hearing officer reinstated Haynes’s employment.
Haynes subsequently sued Coleman, alleging claims of malicious prosecution and abuse of process, among other claims. The complaint, as amended, alleged that Coleman was an employee of the Mobile County public-school system.[1] Haynes’s complaint alleged, in pertinent part, that Coleman had “impartfed] false information to investigators, co-workers, and supervisors, knowing or having reasonable grounds to believe that the information imparted was false and that it would lead to administrative actions or proceedings being held against LHaynes].”
Coleman moved to dismiss all Haynes’s claims on the ground that the applicable statute of limitations barred each of those claims. With the exception of the claims of malicious prosecution and abuse of process, the trial court dismissed Haynes’s claims on the ground that they were time-barred. Regarding the claims of malicious prosecution and abuse of process, Coleman filed a Rule 12(b)(6), Ala. R. Civ. P., motion to dismiss on the ground that those claims could not be based on an administrative proceeding. The trial court granted the motion to dismiss and entered a judgment dismissing those two claims. Haynes appealed to supreme court, and that court transferred the appeal to this court, pursuant to § 12-2-7(6), Ala.Code 1975.
“ ‘The appropriate standard of review of a trial court’s [ruling on] a motion to dismiss is whether “when the allegations of the complaint are viewed most strongly in the pleader’s favor, it appeal's that the pleader could prove any set of circumstances that would entitle [the pleader] to relief.” Nance v. Matthews, 622 So.2d 297, 299 (Ala.1993); Raley v. Citibanc of Alabama/Andalusia, 474 So.2d 640, 641 (Ala.1985). This Court does not consider whether the plaintiff will ultimately prevail, but only whether the plaintiff may possibly prevail. *423 Nance, 622 So.2d at 299. A “dismissal is proper only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief.” Nance, 622 So.2d at 299; Garrett v. Hadden, 495 So.2d 616, 617 (Ala.1986); Hill v. Kraft, Inc., 496 So.2d 768, 769 (Ala.1986).’ ”
Liberty Nat’l Life Ins. Co. v. University of Alabama Health Servs. Found., P.C., 881 So.2d 1013, 1017 (Ala.2003) (quoting Lyons v. River Road Constr., Inc., 858 So.2d 257, 260 (Ala.2003)).
On appeal, Haynes first argues that the trial court erred in dismissing his malicious-prosecution claim because, he says, a malicious-prosecution claim may be based on an administrative proceeding initiated pursuant to the Teacher Tenure Act. “The elements of malicious prosecution are: (1) a judicial proceeding initiated by the defendant, (2) the lack of probable cause, (3) malice, (4) termination in favor of the plaintiff, and (5) damage.” Cutts v. American United Life Ins. Co., 505 So.2d 1211, 1214 (Ala.1987). Our research reveals no Alabama case recognizing a malicious-prosecution claim premised on an administrative proceeding. Heretofore, it appears that claims of malicious prosecution in Alabama have been based on judicial proceedings only. Haynes argues that this court should recognize a malicious-prosecution claim based on a administrative proceeding. Several jurisdictions have decided that a malicious-prosecution claim may be based on an administi’ative proceeding under certain circumstances. See Melvin v. Pence, 130 F.2d 423, 425-27 (D.C.Cir.1942); National Surety Co. v. Page, 58 F.2d 145, 148 (4th Cir.1932); Hillside Assocs. v. Stravato, 642 A.2d 664, 666-69 (R.I.1994); Lindenman v. Umscheid, 255 Kan. 610, 633, 875 P.2d 964, 979 (1994); DeLaurentis v. City of New Haven, 220 Conn. 225, 248-49, 597 A.2d 807, 819 (1991); American Credit Card Tel. Co. v. National Pay Tel. Corp., 504 So.2d 486, 489 (Fla.Dist.Ct.App.1987); Groat v. Town Bd. of Glenville, 73 A.D.2d 426, 428-30, 426 N.Y.S.2d 339, 340-41 (1980); McGuire v. Armitage, 184 Mont. 407, 410-11, 603 P.2d 253, 255 (1979); Donovan v. Barnes, 274 Or. 701, 703-06, 548 P.2d 980, 982-83 (1976); Cassidy v. Cain, 145 Ind.App. 581, 588-89, 251 N.E.2d 852, 856-57 (1969); Kauffman v. A.H. Robins Co., 223 Tenn. 515, 520-27, 448 S.W.2d 400, 402-05 (1969); Carver v. Lykes, 262 N.C. 345, 352-54, 137 S.E.2d 139, 145-46 (1964); Hardy v. Vial, 48 Cal.2d 577, 580-81, 311 P.2d 494, 495-96 (1957); Rainier’s Dairies v. Raritan Valley Farms, Inc., 19 N.J. 552, 564-66, 117 A.2d 889, 895-96 (1955); and Dixie Broad. Corp. v. Rivers, 209 Ga. 98, 105-06, 70 S.E.2d 734, 740-41 (1952).
We decline to decide whether a malicious-prosecution claim in Alabama may be based on an administrative proceeding because, even if we were to recognize such a claim, Coleman did not initiate the administrative proceeding in this case. As noted, a malicious-prosecution action must be based on a proceeding “initiated by the defendant.” Cutts, 505 So.2d at 1214. We find Davis v. Board of Education of St. Louis, 963 S.W.2d 679 (Mo.Ct.App.1998), to be instructive regarding whether Coleman initiated the administrative proceeding in this case. In Davis, pursuant to Missouri state law, a superintendent of a public-school system suspended a teacher and filed charges against that teacher to a board of education. Id. at 683. Following a hearing, the board of education reinstated the teacher’s employment. Id. The teacher subsequently sued, among others, two public-school employees, alleging malicious prosecution. Id. at 684. Before the superintendent filed charges against the teacher, the two school employees had interviewed students, had taken the stu *424 dents’ statements, had given those statements to the superintendent, and had made a recommendation to the superintendent. Id. at 686-87.
In Davis, the Missouri Court of Appeals discussed whether the two school-employee defendants had initiated the administrative proceeding against the teacher:
“What constitutes initiation, institution or instigation of charges in an agency setting depends on how charges are brought to the agency for adjudication. ...
[[Image here]]
“... [W]hen an agency official has sole authority to initiate the action, persons who have provided information to that official are not held to have initiated or taken an ‘active part’ in initiating the action. The general rule is that an individual who merely provides facts concerning the conduct of another to an officer possessing the authority to issue charges is not liable for malicious prosecution. See e.g., Lindenman[ v. Umscheid, 255 Kan. 610, 633,] 875 P.2d [964,] 979 [ (1994) ]. In Lindenman the Kansas Supreme Court held that a county board of health employee who inspected a day care center and filed a report with the board did not initiate the board’s ex parte suspension of the day care center’s license and cannot be considered an ‘active part’ of the board’s subsequent revocation action against the day care center. Id. The board filed the revocation action when the day care center refused to stipulate to the accuracy of the inspection report, a condition for lifting the suspension. Id. at 969. Likewise, in Werner v. Hearst Publications, Inc., 65 Cal.App.2d 667, 151 P.2d 308, 312 (1944), individuals who sent a letter to an investigator for a state bar association complaining about an attorney did not institute the show cause proceeding against the attorney, where the local bar association committee made an independent investigation and one of its members signed the complaint initiating the proceeding. This holding was reaffirmed in Stanwyck v. Horne, 146 Cal.App.3d 450, 194 Cal.Rptr. 228, 234 (1983).”
963 S.W.2d at 686.
The court in Davis then concluded that the teacher had not established a malicious-prosecution claim against the two school employees because those employees had not instigated the proceedings against the teacher:
“Under the above cases, [the two school employees’] actions in interviewing the students, taking their statements, passing on the statements to [the supei’intendent], and making a recommendation based thereon do not constitute instigation of the charges [against the teacher]. [The superintendent] was the only one who had legal authority to issue the charges [under state law].... Thus, as a matter of law, [the two school employees] could not have instigated the proceedings.”
963 S.W.2d at 686-87. See also Vandall v. Trinity Hosps., 676 N.W.2d 88, 96 (N.D.2004) (stating that a physician had failed to state a claim against a colleague for wrongful use of civil proceedings when, under North Dakota state law, an investigative panel, not a person making a report or complaint to the panel, is the entity that initiates administrative proceedings against a physician).
In this case, the administrative proceeding regarding Haynes’s dismissal was initiated pursuant to § 16-24-9, Ala. Code 1975, which provides, in pertinent part: “(a) An employment contract with a teacher on continuing service status may be cancelled only in the following manner: The superintendent shall give written notice to the employing board and the *425 teacher of the superintendent’s intention to recommend a cancellation as provided in Section 16-24-8[, Ala.Code 1975].” The remainder of § 16-24-9 and § 16-24-10, Ala.Code 1975, establish the procedure concerning teacher dismissals after the superintendent initiates the dismissal proceeding.
Haynes’s complaint alleges the role that Coleman played in allegedly instigating the proceedings: “Coleman and others maliciously caused the prosecution, via administrative proceedings against [Haynes] by imparting false information to investigators, co-tvorkers, and supervisors, knowing or having reasonable grounds to believe that the information imparted was false and that it would lead to administrative actions or proceedings being held against [Haynes].” Like the two school employees in Davis, Coleman allegedly provided information that later led to the superintendent’s initiating the administrative proceeding against Haynes. Under § 16-24-9(a), as under Missouri law in Davis, the superintendent initiates proceedings to terminate a teacher’s employment. Because Coleman did not initiate the administrative proceeding against Haynes, even if such a proceeding could support a malicious-prosecution action, Haynes’s malicious-prosecution claim must fail. Accordingly, the trial court did not err in dismissing the malicious-prosecution claim against Coleman.[2]
Next, Haynes argues that the trial court erred in dismissing his abuse-of-process claim because, he says, that claim may be based on an administrative proceeding under the Teacher Tenure Act. We have found no Alabama case indicating that an abuse-of-process action may be premised on an administrative proceeding. Although no Alabama case has directly addressed whether an administrative proceeding may give rise to an abuse-of-process claim, we note that, in the context of an abuse-of-process claim, our supreme court has stated: “Legal process has been defined in Black’s Law Dictionary (6th ed. 1990) as ‘a summons, writ, warrant, mandate, or other process issuing from a court.’ ” Preskitt v. Lyons, 865 So.2d 424, 430 (Ala.2003) (emphasis added). Haynes argues that Alabama should now recognize an abuse-of-process claim based on the “process” present in administrative proceedings. In making this argument, Haynes argues that the same reasons for permitting a malicious-prosecution claim to be based on an administrative proceeding also support permitting an abuse-of-process claim to be based on an administrative proceeding. See cases cited supra regarding jurisdictions permitting a malicious-prosecution claim to be based on an administrative proceeding.
We decline to address whether an abuse-of-process claim may be founded on an administrative proceeding, because, even if we were to recognize such a claim, Haynes has failed to plead the necessary elements of his abuse-of-process claim. “The elements of the tort of abuse of process are 1) the existence of an ulterior purpose, 2) a wrongful use of process, and 3) malice.” C.C. & J., Inc. v. Hagood, 711 So.2d 947, 950 (Ala.1998). “The tort of abuse of process differs from the tort of malicious prosecution; the tort of abuse of process is concerned with ‘the wrongful use of process after it has been issued,’ while the tort of malicious prosecution is concerned with ‘the wrongful issuance of process.’ ” Shoney’s, Inc. v. Barnett, 773
*426 So.2d 1015, 1024 (Ala.Civ.App.1999) (quoting Hagood, 711 So.2d at 950).
“ ‘ “[T]he [ulterior motive] must culminate in an actual abuse of the process by perverting it to a use to obtain a result which the process was not intended by law to effect ....”’ Dempsey v. Denman, 442 So.2d 63, 65 (Ala.1983) (quoting 72 C.J.S. Process § 120, pp. 1190-91 (1951)) (emphasis added). ‘ “If the action is confined to its regular and legitimate function in relation to the cause of action stated in the complaint there is no abuse Dempsey, 442 So.2d at 65 (quoting 1 Am.Jur.2d Abuse of Process § 13 (1962)) (emphasis added).”
Willis v. Parker, 814 So.2d 857, 865 (Ala.2001).
Haynes’s abuse-of-process claim alleged, in pertinent part:
“Coleman ... maliciously abused legal process, causing [Haynes] to endure suspension of his employment and termination proceedings; to endure the stress of a hearing to reinstate his employment, and as a consequence thereof, [Haynes] has been caused to suffer damages in the form of substantial financial loss; metal anguish, and emotional distress and well as damage to his personal and professional reputation.”
The complaint contains no factual allegations regarding how Coleman abused the administrative process after the superintendent, not Coleman, initiated that process. A defendant cannot be held liable for abuse of process unless he or she “somehow acted outside the boundaries of legitimate procedure after [the initiation of the proceeding].” Hagood, 711 So.2d at 951. The complaint does not allege how Coleman “ ‘ “pervert[ed the process] to a use to obtain a result which the process was not intended by law to effect.” ’ ” Willis, 814 So.2d at 865 (emphasis omitted). Therefore, Haynes has failed to allege an abuse-of-process claim upon which relief can be granted.
Further, Haynes’s abuse-of-process claim fails because Haynes has not alleged that Coleman possessed an ulterior purpose even if he did “use” the administrative process.
“As our supreme court has explained, a defendant cannot be liable for the tort of abuse of process ‘ “[i]f the action is confined to its regular and legitimate function in relation to the cause of action stated in the complaint.” ’ Duncan [v. Kent], 370 So.2d [288] at 290 [(Ala.1979) ] (quoting 1 Am.Jur.2d Abuse of Process, § 13 (1962)). However, liability attaches ‘ “if the suit is brought, not to recover on the cause of action stated in the complaint, but for a collateral purpose.” ’ Id. For example, if a creditor, who was legally entitled to garnish a debtor’s wages, garnished the debtor’s exempt wages solely for the purpose of coercing the debtor to pay the entire debt, the creditor would be liable for abuse of process. See Dickerson v. Schwabacher, 177 Ala. 371, 376, 58 So. 986, 988 (1912) (giving this hypothetical in a discussion of the tort of abuse of process). ‘Thus, if a defendant prosecutes an innocent plaintiff for a crime without reasonable grounds to believe him guilty, it is malicious prosecution; if he prosecutes him with such grounds to extort payment of a debt, it is abuse of process.’ William L. Prosser, Handbook of the Law of Torts, § 121, at 857 (4th ed. 1971).”
Shoney’s, Inc. v. Barnett, 773 So.2d at 1025. Because Haynes has not alleged that Coleman acted with an ulterior purpose, Haynes’s abuse-of-process claim fails for this additional reason.
For the foregoing reasons, we affirm the judgment of the trial court.
AFFIRMED.
*427 THOMPSON, P.J., and PITTMAN, J., concur.
MOORE, J., concurs in the result in part and dissents in part, with writing, which THOMAS, J., joins.

. The record on appeal is unclear regarding the position Coleman held in the school system. The summons and complaint were served on Coleman "c/o Blount High School.”

. The court in Davis declined to hold that a malicious-prosecution action in Missouri could be premised on an administrative proceeding because, even if that holding were adopted, the teacher in that case, like Haynes in this case, had failed to established the elements of a malicious-prosecution action.